ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,
Plaintiff–Appellant,

v.

Philip H. RUNYON, Defendant–Appellee.

No. 94–6265.

United States Court of Appeals,
Tenth Circuit.

May 1, 1995.

Glynis C. Edgar (Reggie N. Whitten and Barbara K. Buratti on the briefs), of Mills & Whitten, Oklahoma City, OK, for plaintiff-appellant.

Robert N. Naifeh, Jr. (R. Wade Cole with him on the brief), of Derryberry, Quigley, Parrish, Solomon & Blankenship, Oklahoma City, OK, for defendant-appellee.

Before BRORBY, Circuit Judge, McKAY, Senior Circuit Judge, and OWEN,* Senior District Judge.

BRORBY, Circuit Judge.

St. Paul Fire and Marine Insurance Company ("St. Paul") sought, in federal court, a declaration under the Declaratory Judgment Act, 28 U.S.C. § 2201, that it had no obligation to defend Philip H. Runyon under the terms of a professional liability insurance policy. The district court refused to exercise jurisdiction over this action because of the existence of a related state court action. St. Paul appeals this decision. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

## BACKGROUND

Mr. Runyon, a nurse anesthetist, held a professional liability insurance policy with St. Paul. The policy provided St. Paul would defend and indemnify against covered professional liability claims. Two coworkers sued Mr. Runyon alleging Mr. Runyon abused patients, caused the coworkers' discharges, and withheld vital and medically necessary services to patients because either they lacked insurance or because of their race. Mr. Runyon asked St. Paul to provide a defense for him, but St. Paul refused. St. Paul maintained the coworkers' lawsuit did not implicate professional liability and, therefore, was not covered under the insurance policy.

After three years of haggling, Mr. Runyon informed St. Paul that if it would not assume his defense, he would initiate a suit in state court for breach of contract and bad faith by February 18, 1994. On February 17, 1994, St. Paul filed a diversity action for declaratory judgment. As promised, Mr. Runyon proceeded with his bad faith and breach of con-

tract suit against St. Paul in state court the next day.[1]

In response to a motion by Mr. Runyon in this case, the federal district court abstained from exercising jurisdiction over St. Paul's suit for declaratory judgment. The district court found (1) all of the issues in this suit will be resolved in the pending state court action; (2) St. Paul is using the federal action for procedural fencing; and (3) the declaratory judgment action is likely to create friction between the federal and state courts and may encroach improperly upon the jurisdiction of the state court. St. Paul appeals this ruling.

## DISCUSSION

### I

The federal declaratory judgment statute provides "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. While this statute vests the federal courts with power and competence to issue a declaration of rights, *see Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112, 82 S.Ct. 580, 581–82, 7 L.Ed.2d 604 (1962) (per curiam), the question of whether this power should be exercised in a particular case is vested in the sound discretion of the district courts. *Id.; see also Sierra Club v. Yeutter*, 911 F.2d 1405, 1420 n. 8 (10th Cir.1990). Accordingly, our review of a district court's decision to abstain from exercising federal declaratory judgment jurisdiction is limited to deciding whether the district court abused its discretion. *See ARW Exploration Corp. v. Aguirre*, 947 F.2d 450, 453–54 (10th Cir. 1991).[2] Under that standard, we ask only

---

* The Honorable Richard Owen, Senior District Judge for the Southern District of New York, sitting by designation.

1. The state court judge stayed the state court action until the federal declaratory judgment action is resolved.

2. Because we are bound by the decisions of prior panels of this court absent en banc reconsideration or a superseding Supreme Court decision, *see In re Smith*, 10 F.3d 723, 724 (10th Cir.1993), St. Paul's argument that we should apply a *de*

*novo* standard of review is misplaced, notwithstanding the fact that other circuits have applied plenary review to such decisions. *See State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 & n. 6 (10th Cir.1994). While we recognize the Supreme Court recently granted certiorari and heard arguments to resolve the circuit split over the applicable standard of review, *see Wilton v. Seven Falls Co.*, 41 F.3d 934 (5th Cir.), *cert. granted,* — U.S. ——, 115 S.Ct. 571, 130 L.Ed.2d 488 (1994), the application of a *de novo*

whether the district court made a clear error in judgment or exceeded the permissible bounds of choice in its decision to abstain from exercising its jurisdiction. *See McEwen v. City of Norman,* 926 F.2d 1539, 1553–54 (10th Cir.1991).

## II

■ Assuming the district court has subject matter jurisdiction, the court should weigh various factors to determine whether or not to hear a declaratory judgment action. Such factors may include

■ whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Mhoon,* 31 F.3d at 983. The district court, in this case, refused jurisdiction because the same issues were involved in the pending state proceedings, and therefore, there existed a more effective alternative remedy.

■ The parties have a pending state contract action, which incorporates the identical issue involved in the declaratory judgment action. Mr. Runyon's state breach of contract complaint against St. Paul alleges the coworkers' lawsuit is a "covered claim" pursuant to the insurance policy. In resolving the insurance contract, the state court will necessarily determine rights and obligations under the contract. St. Paul is seeking a declaration by the federal court that the coworkers' lawsuit is not a covered claim. The issue in the federal declaratory judgment action is identical to what would be a defense to the state court contract action—whether Mr. Runyon's insurance contract with St. Paul protects him from the coworkers' lawsuit. Because the state court will determine,

under state contract law, whether the tort action is covered by the insurance contract, it is not necessary for the federal court to issue a declaration on the insurance contract. *See Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 495, 62 S.Ct. 1173, 1176, 86 L.Ed. 1620 (1942).

St. Paul argues that by Oklahoma statute courts are prohibited from issuing declaratory judgments "concerning obligations alleged to arise under policies of insurance covering liability or indemnity against liability," and therefore St. Paul cannot receive relief through the state court contract proceeding. Okla.Stat. tit. 12 § 1651. Although the state court cannot issue a declaratory judgment, the contract case will resolve the question of insurance coverage under the insurance contract. The state court has already determined it has subject matter jurisdiction to resolve the question of whether the coworkers' lawsuit is covered by the insurance agreement.

The present case is inapposite to the cases relied upon by St. Paul. *Horace Mann Ins. Co. v. Johnson,* 953 F.2d 575 (10th Cir.1991) (the Tenth Circuit reversed the district court's decision to abstain from entertaining insurance declaratory judgment actions in the state of Oklahoma); *Allstate Ins. Co. v. Brown,* 920 F.2d 664 (10th Cir.1990) (the pending state court tort action cannot satisfactorily resolve the question of insurance coverage); *National Union Fire Ins. Co. v. Coursey,* 28 F.3d 113 (table) (unpublished order and judgment) (10th Cir.1994) (after state dismissed underlying state court action, federal district court must reconsider declaratory judgment jurisdiction because there was no longer an alternative remedy). In each of the cases St. Paul relied upon, the underlying state action was an action by an injured party against the insured. The insurer was not a party in any of those underlying actions and in each the state court was simply determining tort liability rather than determining coverage under the insurance contract. Significantly, Mr. Runyon's underlying state action is a contract action between the insured and the insurer rather than an

standard of review would not change our conclu- sion in this case.

# 1170

underlying tort action excluding the insurance company.

Although the federal court is not required to refuse jurisdiction, *ARW Exploration*, 947 F.2d at 454, it "should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding." *Kunkel v. Continental Casualty Co.*, 866 F.2d 1269, 1276 (10th Cir.1989). No error is revealed in the district court's choice to defer to the state court to apply state law and thus refuse jurisdiction.

██ The federal district court also refused jurisdiction because it perceived St. Paul was using the declaratory judgment action to provide an arena for a race to *res judicata*. A district court may choose to avoid a declaratory judgment action because the plaintiff is using the action for procedural fencing. *Franklin Life Insurance Co. v. Johnson*, 157 F.2d 653, 656 (10th Cir.1946). St. Paul filed its federal suit one day before the date Mr. Runyon promised to file his state court contract action against St. Paul. St. Paul knew Mr. Runyon was going to file the state contract action; St. Paul knew the date Mr. Runyon was going to file the action; and St. Paul waited three years before it sought the declaration. Such timing of lawsuits may not necessarily be bad faith on the part of the insurance company; however, St. Paul is unable to show error in the district court's perception that St. Paul was using the declaratory judgment action for procedural fencing. This determination by the district court was not an abuse of discretion, and procedural fencing is another adequate reason for the district court to refuse jurisdiction in a declaratory judgment action.

## CONCLUSION

The district court was practical, given the specific facts of this case, in deciding to dismiss St. Paul's declaratory judgment action. All of the reasons articulated by the district court for its refusal to exercise declaratory judgment jurisdiction are proper.

The district court did not abuse its discretion.

**AFFIRMED.**