GRACELAND COLLEGE FOR PROFES-
SIONAL DEVELOPMENT AND LIFE–
LONG LEARNING, INC., Plaintiff,

v.

INTELLECTUAL EQUITIES,
INC., Defendant.

Civil Action No. 96–2303–GTV.

United States District Court,
D. Kansas.

Oct. 31, 1996.

Michael E. Waldeck, Vincent F. O'Flaher-
ty, Niewald, Waldeck & Brown, Kansas City,
MO, Robert O. Lesley, Joseph A. Mahoney,
Jr., Stinson, Mag & Fizzell, P.C., Kansas
City, MO, for plaintiff.

Thomas H. Van Hoozer, Hovey, Williams,
Timmons & Collins, Kansas City, MO, Thom-
as R. Buchanan, McDowell, Rice, Smith &
Gaar, Kansas City, MO, Gordon D. Kinder,
Jay R. Campbell, Renner, Otto, Boisselle &
Sklar, P.L.L., Cleveland, OH, for defendant.

### MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This case is before the court upon the
defendant's motion to dismiss, stay, or trans-
fer (Doc. 10) the plaintiff's declaratory judg-
ment action. For the reasons stated below,
the motion to dismiss is granted.

#### Background

In February 1996, Graceland College for
Professional Development and Life–Long
Learning, Inc. (Graceland) began using the
phrase "how to think outside the box" in
advertisements for its creative thinking semi-
nar. On April 15, 1996, Intellectual Equities,
Inc. sent Graceland "a cease and desist let-
ter," alleging that Graceland had infringed
upon Intellectual Equities' service mark,
"think out of the box," which has been regis-

tered with the United States Patent and Trademark Office since October 6, 1992. The parties engaged in settlement negotiations, but reached no agreement.

On June 21, 1996, plaintiff Graceland filed the above-captioned case in the District of Kansas, seeking a declaratory judgment that it had not infringed upon Intellectual Equities' federally registered service mark. On June 24, 1996, Intellectual Equities filed suit in the Northern District of Ohio against Skillpath Seminars, a division of Graceland, alleging infringement of its federally registered service mark. The next day, June 25, 1996, Graceland's declaratory judgment complaint was served upon Intellectual Equities. Except for the relief sought, the two complaints involve identical parties and issues regarding the use of the service mark in question.

## Discussion

■ Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. "While this statute vests the federal courts with power and competence to issue a declaration of rights, the question of whether this power should be exercised in a particular case is vested in the sound discretion of the district courts." *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir.1995) (citing *Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112, 82 S.Ct. 580, 581–82, 7 L.Ed.2d 604 (1962) (per curiam)). Factors pertinent in deciding whether to entertain this declaratory action include:

■ whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; ... [5] whether there is

an alternative remedy which is better or more effective.

*Id.* (quoting *State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir.1994)).

■ The parties focus upon the third factor. Intellectual Equities alleges that the purpose underlying the filing of Graceland's declaratory action was improper forum shopping. Such a purpose, winning the race to the courthouse, is not explicit in the record before the court.[1] "[P]rinciples of comity and efficient judicial administration dictate that when two actions are pending in different federal district courts, and those actions involve the same parties and the same issues, one of the two actions should be dismissed or transferred." *National Seminars, Inc. v. Dun & Bradstreet Corp. Found.*, No. 89–2112, 1989 WL 106714, *1 (D.Kan. Aug. 25, 1989). Although the first suit filed generally has priority, circumstances can justify giving priority to the later-filed action. *Id.* The mere fact that Graceland filed its action first does not give Graceland the right to dictate where Intellectual Equities' infringement claim will be heard. *See Allied Materials & Equip. Co., Inc. v. Pappa Geppetto's Toys Victoria Ltd.*, No. 92–2030, 1992 WL 97813, *2 (D.Kan. Apr. 2, 1992). Graceland filed its action in response to Intellectual Equities' notice of service mark infringement letter. *See Cobe Lab., Inc. v. Baxter Int'l Inc.*, 1990 WL 100233, *1 (D.Colo. June 14, 1990) ("When the first action is for a declaratory judgment and appears triggered by a notice of patent infringement letter, courts have concluded that special circumstances warrant an exception to the first-filed rule."). The third factor weighs in favor of Intellectual Equities.

Additionally, the court finds the other factors favor dismissal of the above-captioned case. Regarding the first factor, this declaratory action will not necessarily settle the controversy. In the complaint filed in the Northern District of Ohio, Intellectual Equities seeks equitable and monetary relief. If

---

1. The record before the court indicates that counsel for Graceland initiated negotiations between the parties and that Graceland filed its complaint a mere five and one-half hours after the last telephone negotiation on June 21, 1996.

The record also indicates, however, that each party directed its counsel to file a complaint after the June 21 telephone call. Additionally, each party maintains it would have filed suit sooner had it not been for the negotiations.

the declaratory action were allowed to proceed and an infringement of the service mark was found, the declaratory action would not resolve the damages issue. The Ohio action offers a better and more effective remedy, the fifth factor, because that action can resolve both liability and damages.

Hearing the declaratory judgment action would serve no purpose in resolving the legal relations at issue, the second factor.

A declaratory judgment is available where a party desires a declaration of the legal effect of a proposed or past course of action. Essentially, two related but distinct fact situations are contemplated: (1) The controversy has ripened to a point where one of the parties could invoke a coercive remedy (i.e., a suit for damages or an injunction) but has not done so; and (2) Although the controversy is real and immediate, it has not ripened to such a point, and it would be unfair or inefficient to require the parties to wait for a decision. *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir.1987). Prior to Intellectual Equities filing suit, the above-captioned case was of the first type. Graceland already had engaged in the conduct allegedly infringing Intellectual Equities' service mark. If Intellectual Equities has a right to a coercive remedy, that right has accrued. "[A] federal court may grant a declaratory judgment to prevent one party from continually accusing the other, to his detriment, without allowing the other to secure an adjudication of his rights by bringing suit." *Id.* Here, however, Intellectual Equities promptly filed suit to enforce its claim that Graceland infringed its service mark. Consequently, the declaratory judgment action serves no useful purpose and should be dismissed. *See Allied Materials & Equip. Co., Inc.*, 1992 WL 97813, at *2.

Additionally, the Tenth Circuit has stated that a federal court " 'should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding.' " *Runyon*, 53 F.3d at 1170 (quoting *Kunkel v. Continental Casualty Co.*, 866 F.2d 1269, 1276 (10th Cir.1989)). Graceland raises several factual issues, including whether Intellectual Equities' service mark had widespread use prior to the service mark being registered.

Based upon the above discussion as well as "considerations of practicality and wise judicial administration," *Wilton v. Seven Falls Co.*, — U.S. —, —, 115 S.Ct. 2137, 2143, 132 L.Ed.2d 214 (1995), the court is convinced that the Northern District of Ohio should resolve this service mark infringement dispute.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant Intellectual Equities' motion to dismiss (Doc. 10) is granted.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**