**EMPLOYERS MUTUAL CASUALTY COMPANY, Plaintiff,**

v.

**Angelika MINER, Individually and as Guardian and Next Friend of the Minor Children of Brian Miner, Breck Miner and Dalton Miner, Defendants.**

No. 98–1022–JTM.

United States District Court, D. Kansas.

May 6, 1998.

Lawrence G. Michel, Kennedy, Berkley, Yarnevich & Williamson, Chtd., Salina, KS, Jill M. Augustine, Des Moines, IA, for Plaintiff.

Clarence L. King, Jr., Tish S. Morrical of Hampton, Royce, Engleman & Nelson, Salina, KS, Frances G. Townsdin, Townsdin & Associates, Phillipsburg, KS, for Defendants.

*MEMORANDUM ORDER*

MARTEN, District Judge.

Employers Mutual Insurance Company (Employers) sued Angelika Miner (Angelika), individually and as guardian for the minor children of Brian Wayne Miner (Brian), deceased. Brian worked for the City of Phillipsburg when he was killed while using a product called Ram–Out to clean a City sewage pump station. Employers was the City's workers compensation carrier. Pursuant to 28 U.S.C. § 2201 and Fed.R.Civ.P. 57, Employers seeks a declaratory judgment that under K.S.A. 44–504(b), it is entitled to a subrogation of benefits Angelika received in settlement of claims which she brought against third parties.

Angelika moved to dismiss under Rule 12(b)(6), arguing that (1) Employers's claim is barred by the doctrine of issue preclusion based on a ruling in a prior federal court case; (2) diversity jurisdiction does not exist because the City of Phillipsburg, Kansas is a necessary party under Rule 17; and (3) the court should decline to exercise jurisdiction under the Declaratory Judgment Statute, 28 U.S.C. § 2201 *et seq.* and the *Colorado River*[1] doctrine. Angelika also seeks attorney's fees, costs, and expenses under 28 U.S.C. § 1927. In her reply brief, Angelika argues Employers's claim is barred because it failed to intervene in a related state court action where the settlement proceeds were allocated.

Both parties submitted materials beyond the pleadings and do not object to the court considering the materials and treating the motion to dismiss as a motion for summary judgment. The summary judgment standard is well established and will not be set forth.

**I. Facts.**

Brian was employed by the City of Phillipsburg, Kansas. Brian and another City employee were using a product called Ram–Out to clean a clog from a sewage pump station. As he was climbing out of the pump station, Brian was overcome by fumes and fell. He subsequently died from injuries received as a result of exposure to the fumes from the product.

Angelika filed suit in federal court against Kendall Chemical Company, Inc., and several individuals who were Kendall officials or employees. Kendall is a Texas Corporation with its principal place of business in Texas. All of the named employees were Texas residents. Brian and Angelika were at all relevant times residents of Kansas. Angelika alleged that the defendants were responsible for the manufacture of Ram–Out. She also alleged that she would adequately protect Phillisburg's and Employers's subrogation in-

---

1. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

terests. The court takes judicial notice of the record in that case, No. 96–1126–MLB. The City of Phillipsburg filed a motion to intervene in order to protect its subrogation interest in any recovery by Angelika, which was granted. The City's policy contained no applicable deductible, thus Employers paid all past workers compensation benefits and will pay all future benefits.

Angelika obtained leave to add AMREP, Inc., a Georgia Corporation with its principal place of business in Georgia, as a defendant. Angelika alleged that AMREP provided the warning labels which were affixed to the Ram–Out.

On December 16, 1996, the City of Phillipsburg filed a witness and exhibit list. On December 19, 1996, Angelika filed a motion to determine the status of the intervenor at trial. On December 24, 1996, Angelika filed a motion for leave to amend her complaint to add Smith & Loveless as a defendant. On January 3, 1997, Judge Belot granted Angelika leave to file an amended complaint adding Smith & Loveless as a defendant. On January 13, 1997, the Second Amended Complaint was filed. Smith & Loveless is a Kansas Corporation with its principal place of business in Kansas. Angelika alleged that Smith & Loveless manufactured the sewage pump system. In answer to the Second Amended Complaint, the Kendall defendants and AMREP denied the existence of diversity jurisdiction.

On January 24, 1997, counsel for Phillipsburg indicated in a pleading that it had suggested the additional parties should be added to the case.

On December 8, 1997, Angelika and the defendants agreed to settle the case for $375,000.00. Employers approved the amount of the settlement.[2] On December 23, 1997, Phillipsburg asked Judge Belot to apportion the amount of the settlement between the City and Angelika. Phillipsburg argued it had paid $58,838.08 in workers compensation benefits and was likely to incur additional liability in the amount of $255,972.00. On December 24, 1997, AMREP

moved to dismiss for lack of subject matter jurisdiction. On December 30, 1997, Angelika asked the court to dismiss the claim without prejudice based on a lack of subject matter jurisdiction. As the case involved minors, Angelika planned to refile in state court where binding approval of the settlement could be obtained. Angelika indicated that all of the defendants had agreed to the dismissal, but that Phillipsburg was opposed. On January 7, 1998, Judge Belot granted the motion to dismiss without prejudice.

On December 30, 1997, Angelika, on behalf of herself and Brian's minor children, refiled the case in the Phillips County District Court, No. 97 C 127. Angelika and the defendants asked the Phillips County District Court to approve the settlement and apportion liability. The settlement proceeds were paid into the Phillips County District Court.[3] The court set a hearing date of February 13, 1998. Phillipsburg and Employers both received notice of the state court action and the hearing on the motions. They declined to participate in the state court proceedings. Instead, on January 20, 1998, Employers brought the present action in this court, asking the court to apportion liability in a declaratory judgment action.

On March 19, 1998, Judge Worden of the Phillips County District Court issued an order approving the $375,000.00 settlement. The same day Judge Worden issued a separate order apportioning recovery pursuant to K.S.A. 60–1905. He found that Angelika and the children sustained $1,000,000.00 in damages. He assigned 62.5% of the fault to the City of Phillipsburg. Judge Worden found Phillipsburg and its insurance carrier did not have any subrogation interest in the settlement proceeds until such time as the workers compensation benefits paid exceeded $625,000.00, citing K.S.A. 44–504(d). Judge Worden ordered the clerk of the court to disburse the funds in a manner consistent with his order.

---

2. The attached materials suggest that Employers approved a settlement of $370,000, while the actual settlement was $375,000. However, Employers admitted that it approved the amount of the settlement.

3. See Miner v. Kendall Chem. Co., Inc., No. 97 C 127 (D. Ct. Phillips Co., March 19, 1998) (ordering court clerk to disburse the funds).

## II.   Analysis.

### A.   Issue Preclusion.

■ Angelika first argues that Employers's claim is barred by the doctrine of issue preclusion because Judge Belot denied Phillipsburg's motion for apportionment and Employers is in privity with Phillipsburg. The parties disagree about whether Judge Belot actually denied the motion before dismissing the case without prejudice. However, the court need not decide whether Judge Belot actually denied the motion. Judge Belot dismissed the case because subject matter jurisdiction had been destroyed.[4] Thus, even if Judge Belot denied the motion for apportionment, the ruling would not bind Phillipsburg or Employers or prevent them from seeking apportionment in a subsequent case. *See Harris v. Illinois–California Express, Inc.*, 687 F.2d 1361, 1366 (10th Cir.1982) (where jurisdiction is lacking, the judgment is void).

### B.   Whether Phillipsburg is an Indispensable Party Whose Presence Destroys Diversity Jurisdiction.

■ Angelika next argues that Phillipsburg is a necessary party whose presence would destroy diversity jurisdiction. Employers seeks declaratory judgment that it is entitled to subrogation under K.S.A. 44–504(b) and apportionment of the settlement proceeds. Angelika argues that because Section 44–504 provides for subrogation by the employer, and not the insurer, the employer is a necessary party. Here, Angelika argues, Phillipsburg is the employer and thus a necessary party.

However, K.S.A. 44–532(a) provides that an insurance carrier is subrogated to the rights and duties of the employer, so far as appropriate. Where Employers has paid and will pay all benefits due, Phillipsburg has no real interest in the subrogation rights at issue. In such circumstances, Phillipsburg generally would not be a necessary party and, particularly if joinder would destroy diversity jurisdiction, Phillipsburg need not be added as a party. *See Garcia v. Hall*, 624 F.2d 150, 151 (10th Cir.1980) (partially subrogated insurance carrier need not be added as a party where diversity jurisdiction would be destroyed).

### C.   Abstention.

■ Angelika urges the court to abstain from deciding this case under the *Colorado River* doctrine. The court agrees that abstention is appropriate in this case for a number of reasons. First, the Phillips County District Court assumed jurisdiction over the property at issue—the settlement proceeds—when the funds were deposited with the clerk of the court. *Colorado River*, 424 U.S. at 818, 96 S.Ct. 1236 ("court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts"). Employers cites dicta from a Ninth Circuit case suggesting that money is not the sort of res that implicates *Colorado River*. In a general sense, the court agrees. However, here the money was deposited with the clerk of the court. The court finds this difference significant.

Second, abstention here avoids the possibility of piecemeal litigation. *Id.* 424 U.S. at 818–819, 96 S.Ct. 1236. Because of a lack of diversity jurisdiction, this court cannot approve the settlement at issue—Angelika and one of the settling defendants are both Kansas residents. Thus approval of the settlement, an important consideration under Kansas law when minors are involved, would have to occur in state court. *See Childs By and Through Harvey v. Williams*, 243 Kan. 441, 757 P.2d 302 (1988) (interpreting K.S.A. 38–102) (settlement involving minors must be reduced to judgment and approved by the court to be binding). Employers seeks to have apportionment of the settlement, which is an important factor in a court's approval of a settlement involving minors, decided by a different court in a parallel proceeding.

Third, the state court obtained jurisdiction over this matter first. *Colorado River*, 424 U.S. at 818, 96 S.Ct. 1236. Employers dismisses this consideration as irrelevant in the case at hand, without citing any authority. The court admits that even if it had obtained jurisdiction before the state court, abstention

---

4. Judge Belot's ruling does not actually cite the lack of subject matter jurisdiction as the basis for the dismissal. However, he cites Angelika's motion to dismiss, which was based on the lack of subject matter jurisdiction.

would nevertheless be appropriate. However, the fact that the state court obtained jurisdiction first is further support for the court's decision to abstain.

Fourth, if the court exercised jurisdiction it would, in all likelihood, find that Employers was bound by the state court apportionment in which it declined to participate.[5] *See* K.S.A. 44–504(b) (employer shall receive notice and have a right to intervene); *Maas v. Huxtable and Assocs., Inc.,* 23 Kan.App.2d 236, 929 P.2d 780 (1996) (State Workers Compensation Fund bound by apportionment of fault in settlement in which it refused to consent where Fund was given opportunity to present evidence at hearing on apportionment of fault). *See also, Moses H. Cone Memorial Hospital v. Mercury Const. Corp.,* 460 U.S. 1, 10, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Shawnee Fire Insurance Co. v. Cosgrove,* 85 Kan. 296, 297–300, 116 P. 819 (1911) (where an insurance company is provided with notice of an action and fails to intervene to protect its subrogation interest, the insurance company is bound by a settlement reached by the insured), *affirmed on rehearing,* 86 Kan. 374, 121 P. 488 (1912). There is little point in exercising jurisdiction only to hold that a parallel state court judgment is binding on the parties. *See Graceland College for Professional Development and Life–Long Learning v. Intellectual Equities, Inc.,* 942 F.Supp. 1404, 1405 (D.Kan.1996) (declaratory judgment actions not intended to provide an arena for a race to res judicata).

Fifth, this case involves exclusively issues of Kansas law regarding the statutory rights of a workers compensation carrier to subrogation. *See Cone,* 460 U.S. at 16, 103 S.Ct. 927. The exercise of jurisdiction in this case would frustrate the application of important principles of Kansas law. Kansas law promotes settlements. *Maas,* 23 Kan.App.2d at 245, 929 P.2d 780. If this court were to reapportion fault and reach a conclusion different from the Phillips County District Court, the parties to the settlement might seek relief from the judgment approving the settlement agreement. Under Kansas law all parties to an occurrence in a negligence action must have their rights and liabilities

determined in a single action. *Lytle v. Stearns,* 250 Kan. 783, 802, 830 P.2d 1197 (1992) (citing K.S.A. 60–258a). Employers is asking the court to circumvent this rule.

Sixth, there has been no substantial progress in this litigation. *Cone,* 460 U.S. at 16, 103 S.Ct. 927. By contrast, the state court litigation has concluded.

Employers asserts that abstention is not appropriate for several reasons. Employers first argues that it is not in privity with the City, and because any state court judgment would be unenforceable against it, abstention is inappropriate. However, Employers's rights to subrogation arise through the City. K.S.A. 44–532(a). Employers represented Phillipsburg's interests in the original federal litigation and had a right to intervene in the state court litigation to protect its interests. K.S.A. 44–532(a). Under *Maas* and *Cosgrove,* the court is convinced that Kansas courts would enforce the apportionment of fault against Employers.

Second, Employers argues abstention is not appropriate because the parties are not duplicative in the two cases. The only reason the parties are not duplicative is that Phillipsburg and Employers failed to exercise their rights to intervene in the state court action. *See* K.S.A. 44–504(b); K.S.A. 44–532(a). *See also, Meacham v. Betit,* 97 F.3d 1465, 1996 WL 532230 (10th Cir.1996) (table) (abstention still appropriate where plaintiff dismissed his request for state administrative hearing).

Third, Employers argues there is no inconvenience involved with the use of the federal forum. While this may be true, it does not outweigh the factors supporting abstention.

Fourth, Employers argues that two separate and distinct actions are presented to two different courts, without citing authority. The court disagrees with Employers's description of the two cases as separate and distinct. Kansas law provides for approval of the settlement and apportionment of fault in a single action. *Maas,* 23 Kan.App.2d at 242–245, 929 P.2d 780. As previously noted,

**5.** Angelika raises this issue in her reply brief as a separate basis for granting summary judgment. While Angelika cannot be faulted for failing to raise this issue earlier, the court will not grant summary judgment based on an issue raised for the first time in a reply brief.

the Phillips County District Court considered the apportionment of fault, which can significantly impact the value of a settlement to minors involved in the proceedings, when it approved the settlement.

Finally, Employers argues that its rights cannot be adequately protected in state court. The essence of Employers's argument is that the Phillips County District Court misapplied *Maas* to the facts of this case. This does not mean that Employers lacked an adequate remedy in state court. Employers could have intervened in the state court action to protect its subrogation interest, and, if Employers felt the district court misapplied Kansas law, Employers would have had the opportunity to seek review in the Kansas appellate courts. The Declaratory Judgment Act is not intended to serve as a vehicle for federal district courts to conduct collateral reviews of state court decisions. In addition, the court finds no merit in Employers's contention that it is unfair for Miner to expect Employers to intervene in the state court action. In the earlier federal case, Employers took credit for suggesting the addition of the party whose presence destroyed diversity jurisdiction. It will not be heard now to complain about having to protect its interests in a state forum.

IT IS ACCORDINGLY ORDERED this 6th day of May, 1998, that defendant Angelika Miner's motion to dismiss is granted with prejudice. It is further ordered that her motion for sanctions is denied.