FEDERAL INSURANCE COMPANY,
An Indiana Corporation,
Plaintiff,

v.

SPRINT CORPORATION and Sprint
Communications Company, L.P.,
Defendants.

No. 03–2092–GTV.

United States District Court,
D. Kansas.

Nov. 26, 2003.

David E. Bland, David S. Evinger, Robins, Kaplan, Miller & Ciresi LLP, Minneapolis, MN, David R. Buchanan, Brown & James, P.C.–Kansas City, Kansas City, MO, for Plaintiff/Counter Defendant.

Gregory J. Pals, James S. Kreamer, John W. Cowden, Baker, Sterchi, Cowden & Rice, L.L.C.–Kansas City, Kansas City, MO, Mark W. McGrory, Overland Park, KS, for Defendants/Counter Claimant.

### MEMORANDUM AND ORDER

VanBEBBER, Senior District Judge.

Plaintiff Federal Insurance Company ("Federal") brings this action for declaratory relief. Federal asks the court to declare that Federal has no obligation to defend its insureds, Defendants Sprint Corporation and Sprint Communications Company, L.P. ("Sprint"), in multiple state court actions ("Underlying Actions") filed by private landowners alleging, among other things, that Sprint trespassed on their land. The matter is currently before the court on the motion of Sprint to dismiss or, in the alternative, stay the proceedings (Doc. 20). Sprint argues that the court

should dismiss or stay this action because of another proceeding pending in Kansas state court. Sprint argues that under the *Brillhart* doctrine,[1] a federal district court has discretion to refuse to exercise jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), when a parallel case is pending in state court. For the reasons stated herein, the court declines to exercise jurisdiction and dismisses the case. The court notes that Federal has requested oral argument on the motion (Doc. 26), but after reviewing the briefs and attachments, the court determines that oral argument is unnecessary and denies Federal's motion.

## A. Factual Background

Before Federal filed the instant case, Sprint filed a lawsuit on October 16, 2001 in the district court of Johnson County, Kansas ("State Proceedings") against thirty-four insurance companies. In the State Proceedings, Sprint seeks a declaration of the scope of the insurance coverage provided by the defendants for the damages requested in the above-mentioned Underlying Actions. Sprint did not name Federal as a defendant in the State Proceedings because of a potential conflict with Sprint's then-counsel. On April 16, 2002, Federal filed a motion to intervene as a defendant in the State Proceedings. On October 3, 2002, Sprint filed a brief opposing Federal's motion to intervene, arguing that Federal had no interest that would be impaired that was not already protected by the named defendants and that Sprint would suffer substantial hardship if Federal were allowed to intervene because Sprint would have to obtain new counsel. On October 16, 2002, Federal withdrew its motion to intervene, and on February 28, 2003, Federal filed the instant action. On April 21, 2003, four named defendants in

the State Proceedings filed a third-party petition against Federal. At that point, Sprint retained new counsel, and on July 30, 2003, Sprint obtained leave of court to add Federal as a named defendant in the State Proceedings. Sprint filed its first amended petition with Federal as a named defendant in the State Proceedings on August 11, 2003.

## B. Discussion

 The Declaratory Judgment Act provides, in part, "In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought...." 28 U.S.C. § 2201(a). While the Act grants jurisdiction to district courts to declare the rights of parties, district courts "[are] under no compulsion to exercise that jurisdiction." *Brillhart*, 316 U.S. at 494, 62 S.Ct. 1173; *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (citations omitted); *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir.1995) (citing *Pub. Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112, 82 S.Ct. 580, 7 L.Ed.2d 604 (1962) (per curiam)). "By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." *Wilton*, 515 U.S. at 288, 115 S.Ct. 2137. A district court "should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding." *Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269,

---

**1.** *Brillhart v. Excess Ins. Co. of Amer.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).

1276 (10th Cir.1989). Moreover, the court may decline to hear a declaratory judgment action if it determines that the plaintiff is using the action for "procedural fencing." *Runyon*, 53 F.3d at 1170 (citing *Franklin Life Ins. Co. v. Johnson*, 157 F.2d 653, 656 (10th Cir.1946)).

In *Brillhart*, the Supreme Court identified several factors that a district court should consider in deciding whether to exercise jurisdiction over a declaratory judgment action:

> A district court should evaluate the scope of the state proceeding, whether the claims of all parties can be adjudicated in that proceeding, whether necessary parties have been joined, whether they are amenable to process, and any other factor bearing on the central question of which forum can better resolve the controversy.

*U.S. v. City of Las Cruces*, 289 F.3d 1170, 1187 (10th Cir.2002) (citing *Brillhart*, 316 U.S. at 495, 62 S.Ct. 1173).

The Tenth Circuit has indicated that several additional factors are relevant:

> (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir.1994) (quoting *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1063 (6th Cir.1987)); *accord Runyon*, 53 F.3d at 1169 (quoting *Mhoon*, 31 F.3d at 983).

■ Sprint argues that all of these factors weigh in favor of dismissal, while Federal focuses entirely on the third *Mhoon* factor. Federal argues that Sprint is forum shopping, as evidenced by Sprint's filing of an answer and counterclaim to Federal's complaint and then later filing a motion to dismiss or stay. Federal characterizes Sprint's counterclaim and later motion to dismiss as "initiating" litigation in federal court and then moving to litigate in state court. Federal also points to Sprint's opposition to Federal's intervention in the State Proceedings and Sprint's later motion to join Federal as a named defendant in that same case as evidence of forum shopping. Sprint defends its actions by reiterating its desire to avoid conflict with counsel during the time before Federal was named as a third-party defendant.

The fact that Federal was joined as a defendant in the State Proceedings after this action was filed does not convince the court that Sprint was forum shopping. Sprint asserted legitimate reasons for its opposition to Federal intervening in the State Proceedings. Neither is the court convinced by Federal's characterization of Sprint's participation in discovery and scheduling conferences in the instant case as "embracing" or "initiating" a federal lawsuit prior to naming Federal as a defendant in the State Proceedings. Sprint's involvement in pre-trial discovery is mandated by the Federal Rules of Civil Procedure and the local rules of this court. Federal offers no legal support for its argument that asserting a counterclaim constitutes "initiation" of a lawsuit, and this court has found none. Sprint correctly notes that although its counterclaim was not mandatory, the counterclaim served to protect its rights. The court also notes that Federal did not wait for the state court to rule on its motion to intervene, but rather withdrew its motion voluntarily and filed this action in federal court. Federal's actions could just as easily be char-

acterized as forum shopping. For these reasons, the third *Mhoon* factor weighs in favor of dismissal.

The court concludes that the remaining *Brillhart/Mhoon* factors also weigh in favor of dismissal. The parties in this action are now parties in the parallel State Proceedings, and the issues in each case are the same. In both cases, the parties seek a determination of whether Sprint's insurance covers its potential liability in the Underlying Actions. Either court is capable of issuing the declaratory relief sought by the parties.

All necessary parties are or can be joined in the State Proceedings and all claims can be adjudicated. Discovery in the State Proceedings has commenced, and entertaining Federal's action in this court will require duplicative efforts, a waste of both the parties' and this court's resources. Finally, exercising jurisdiction in this case could create friction between the state and federal courts because both courts would be deciding the same issues on the same facts.

For the foregoing reasons, as well as "considerations of practicality and wise judicial administration," *Wilton,* 515 U.S. at 288, 115 S.Ct. 2137, the court dismisses the instant case. The court determines that dismissal is more appropriate than a stay of proceedings because the court does not anticipate a return to federal court or a "significant possibility of delay or other procedural inadequacy in the state proceedings." *City of Las Cruces,* 289 F.3d at 1192 (citations omitted). As noted previously, all issues should be resolved at the state level, and the State Proceedings are well underway. The court has no reason to anticipate that the state court will not fully and adequately resolve Federal's claims.

IT IS, THEREFORE, BY THE COURT ORDERED that Sprint's motion to dismiss (Doc. 20) is granted.

IT IS FURTHER ORDERED BY THE COURT that Federal's motion for oral argument (Doc. 26) is denied.

The case is closed.

Copies or notice of this order shall be transmitted to counsel of record.

**IT IS SO ORDERED.**