**OBSOLETE FORD PARTS, an Oklahoma corporation, Plaintiff,**

v.

**FORD MOTOR COMPANY, a Delaware corporation, Defendant.**

**No. CIV–03–1517–C.**

United States District Court, W.D. Oklahoma.

Feb. 20, 2004.

James F. Harvey, III, James T. Robinson, Norman, OK, Gregory D. Phillips, Cody W. Zumwalt, Howard, Phillips & Andersen, Salt Lake City, UT, Daniel M. Stock, Ford Motor Company, Dearborn, MI, for Plaintiff.

Robert H. Alexander, Jr., Law Office of Robert H. Alexander Jr., PC, Oklahoma City, OK, for Defendant.

## *ORDER*

CAUTHRON, Chief Judge.

Defendant has moved for the dismissal of Plaintiff's claims or, in the alternative, to stay these proceedings until Defendant's pending infringement action is resolved. Plaintiff has responded, and the matter is now at issue.

### BACKGROUND

The parties' underlying dispute involves Plaintiff's use of Defendant's trademarks in its company name, domain name, website, and advertising. Defendant first alerted Plaintiff to its objections in early September 2003, and demanded that Plaintiff cease its offending use by September 22, 2003, or Defendant would file suit. *See* Pl.'s Ex. 6; Def.'s Ex. 2 (Phillips Decl.) ¶ 2. In its response, Plaintiff explained that its trademark use complied with Defendant's policies and that Defendant had been aware of Plaintiff's practices for years.[1] *See* Pl.'s Ex. 7. Plaintiff also requested additional time to review its files and to research the matter. *See id.*

---

1. Plaintiff conceded that use of the FORD OVAL® on its website was improper and promptly removed it. *See* Pl.'s Ex 1 (Bliss Aff.) ¶ 11; Pl.'s Ex. 7.

In the days following, Plaintiff reiterated the need for additional time to investigate Defendant's charges in correspondence to Defendant. *See* Pl.'s Ex. 8 & 9. On September 22, 2003, Defendant asked Plaintiff to submit documents supporting its position that Defendant tacitly authorized Plaintiff's use of its trademarks. *See* Def.'s Ex. 2 ¶ 6. Plaintiff produced documents on the following day and requested a letter from Defendant stating that Plaintiff's name and practice did not violate its rights. *See* Pl.'s Ex. 10. In addition to their correspondence, representatives engaged in a series of discussions regarding these issues. Plaintiff continued its internal inquiry and confirmed its need for additional research and "discovery" time in a letter faxed to Defendant on October 27, 2003, but dated October 24. *See* Def.'s Ex. 3; Def.'s Ex. 2 ¶ 8.

In late October 2003, representatives for the parties also apparently discussed Defendant's preparation of a second, more detailed letter rejecting Plaintiff's contentions. Plaintiff claims that the letter was promised before Friday, October 24, 2003, and again on that day. *See* Pl.'s Ex. 1 ¶¶ 18–19. In contrast, Defendant explains that the second letter was discussed in a telephone call initiated by its representative on October 31, 2003. *See* Def.'s Ex. 2 ¶ 10. Notwithstanding the confusion regarding its timing, the letter was clearly intended to document Defendant's position and to confirm its intention to sue if Plaintiff failed to comply with Defendant's demands. *See* Def.'s Ex. 2 ¶ 10. Plaintiff never received that letter. *See* Pl.'s Ex. 1 ¶ 18.

According to Plaintiff, the decision to sue was made on October 29, 2003, and this action was filed on October 31. *See* Pl.'s Ex. 1 ¶ 22; Dkt. No. 1. However, Defendant was not aware of this suit until November 13. *See* Def.'s Ex. 2 ¶ 13.

Meanwhile, Defendant had filed a substantially similar suit in a Michigan federal district court on November 10, 2003. *See* Def.'s Ex. 2 ¶ 14.

### DISCUSSION

Federal statute authorizes the Court to "declare the rights and other legal relations of any interested party" in a case of actual controversy within its jurisdiction. 28 U.S.C. § 2201(a). However, courts may decline to exercise that jurisdiction in certain situations. *See Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir.1995). Although the decision whether to exercise the power to issue a declaration of rights is vested in the trial court's sound discretion, that decision is made against the backdrop of two important considerations: "Will a declaration of rights, under the circumstances, serve to clarify or settle legal relations in issue? Will it terminate or afford relief from the uncertainty giving rise to the proceeding?" *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir.1994); *Runyon*, 53 F.3d at 1168. In deciding whether to exercise jurisdiction, the Court must weigh the following factors:

> [1] whether a declaratory action would settle the controversy; [2] it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Runyon*, 53 F.3d at 1169 (quoting *Mhoon*, 31 F.3d at 983).[2]

---

**2.** Before weighing these factors, the Court

must make certain factual findings based on

Here, the parties agree that Plaintiff's suit would clarify whether Plaintiff's use of Defendant's trademarks was authorized. The resolution of that underlying issue would resolve the dispute, if not in its entirety, then in large part.[3] Plaintiff's declaratory action does not raise comity or federalism issues, and the parties have opted for litigation rather than some alternative and possibly more efficient remedy. Thus, Plaintiff's alleged race to the courthouse is the critical factor for the Court to consider.

■ Defendant is correct that well-founded procedural fencing accusations may tip the balance against an otherwise proper declaratory judgment action. "A district court may choose to avoid a declaratory judgment action because the plaintiff is using the action for procedural fencing." *Runyon*, 53 F.3d at 1170 (citation omitted).[4] In a closely analogous case, the Seventh Circuit affirmed the dismissal of a declaratory judgment action that was filed just days before an infringement action.[5] *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 750 (7th Cir. 1987). In *Tempco Electric*, the alleged infringer blatantly sought to choose the forum for litigation by filing a declaratory judgment action following failed negotiations and just days before the defendant filed its own suit. *See id.* at 747.

■ Here, the evidence available suggests that by late October Plaintiff realized that Defendant was entrenched in its position and was preparing a second demand letter, rejecting Plaintiff's tacit approval arguments. Yet, as late as October 27, 2003, a mere two days before the decision to sue was made, Plaintiff requested additional time to review its files. This request is in sharp contrast to Plaintiff's claims that the unresolved dispute was damaging its business. *See* Pl.'s Ex. 1 ¶¶ 20–22 (explaining that the dispute jeopardized its catalogs, signage, and media advertisements and, in particular, the preparation and disbursement of the upcoming 2003 Christmas holiday sales flyer). Moreover, Plaintiff's delay in serving Defendant, while not excessive, is contrary to its professed desire for a prompt resolution and may suggest that Plaintiff was attempting to use this action as leverage in subsequent negotiations. At a minimum, it is clear that neither Plaintiff's communications nor its actions are consistent with its claim that time was of the essence.

the evidence presented. *See Mhoon*, 31 F.3d at 983 (emphasizing that the Tenth Circuit would "not engage in a *de novo* review of all the various fact-intensive and highly discretionary factors involved.").

3. Plaintiff's First Amended Complaint includes claims for a declaratory judgment of non-infringement and non-violation of the Anticybersquatting Consumer Protection Act (15 U.S.C.A. § 1129), unfair competition, and prima facie tort (based on Restatement (Second) of Torts § 807). Defendant sued Plaintiff under the Lanham Act for cyberpiracy, trademark dilution, trademark infringement, and false designation of origin.

4. In an unpublished opinion, the Tenth Circuit stated, "A district court may decline to follow the first-to-file rule and dismiss a declaratory judgment action if that action was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction." *Buzas Baseball, Inc. v. Bd. of Regents of the Univ. Sys. of Georgia*, No. 98–4098, 1999 WL 682883 (10th Cir. Sept.2, 1999) (citations omitted). There, the plaintiff filed suit 11 days after receiving a written settlement proposal and without ever communicating its concern that a delayed resolution would create unacceptable uncertainty. *Id.* at *1–2. (Reference to *Baseball, Inc.* is made for its persuasive value only, in accordance with 10th Cir. R. 36.3(B)).

5. *Tempco Electric* is particularly instructive because the Seventh Circuit employs a less deferential standard of review in these cases. *See Mhoon*, 31 F.3d at 983 n. 6.

Finally, although interesting, it certainly is not determinative that Defendant failed to send the promised second letter. Plaintiff was not caught in a web of extended and unending uncertainty necessitating a judicial determination of its rights. The parties negotiated less than two months before the dispute was brought to the courts. Although Plaintiff requested a "conclusion letter" from Defendant in late September (exonerating Plaintiff) and was awaiting a second, more substantive demand letter in late October, Plaintiff also was attempting to stall Defendant's suit by requesting additional time to locate more persuasive support for its views. Under the circumstances, the Court cannot help but interpret Plaintiff's actions as the kind of procedural fencing that courts condemn, Because Plaintiff's use of the declaratory judgment action unfairly deprives the natural plaintiff of its choice of forum, Defendant's motion is granted.

The Court finds dismissal rather than a stay the appropriate remedy under the circumstances. *See United States v. City of Las Cruces,* 289 F.3d 1170, 1192 (10th Cir.2002) (explaining that a stay allows a court to reevaluate the scope of state proceedings and to adjust for the delay or procedural inadequacies of those proceedings) (citations omitted). The parties have not suggested that any impediment exists to Plaintiff to raising and maintaining its claims in the Michigan proceeding and none is apparent to the Court.

### Conclusion

Accordingly, Defendant's Motion to Dismiss or, in the Alternative, to Stay (Dkt. No. 8) is GRANTED. Plaintiff's claims are dismissed without prejudice.