Shanda L. KOST, Plaintiff,

v.

UNITED PARCEL SERVICE, INC., and Aetna Life Insurance Company, Defendants.

Civil Action No. 95–4144–DES.

United States District Court, D. Kansas.

May 2, 1996.

John R. Hooge, Lawrence, KS, for plaintiff.

Leonard Singer, Sharon D. Hess, James R. Holland, II, Bioff, Singer & Finucane, Kansas City, MO, for defendants.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendants' motions for summary judgment based on late service by the plaintiff. (Docs. 4 and 13). The action was commenced on September 6, 1995. The defendants claim they were not served with the summons and complaint until January 5, 1996, one day beyond the 120–day deadline set forth in Fed.R.Civ.P 4(m). Also before the court is plaintiff's motion to extend time for service of process. (Doc. 16).

### I. BACKGROUND

The plaintiff was an employee of UPS when she tendered her resignation on September 7, 1993. UPS failed to timely advise the plaintiff of her COBRA rights—as required under 29 U.S.C. § 1166—to continue receiving health care coverage. Upon learning that the plaintiff did not receive her COBRA notice, UPS agreed to waive the COBRA premium for the plaintiff and her family through February 28, 1995, and provided her full coverage to any claims during the COBRA period. During that time, the plaintiff and her family did not claim any uninsured medical expenses for the COBRA

period. The plaintiff seeks penalty money of up to $100 a day from the time she quit UPS for not being notified of her COBRA rights.

### II. DISCUSSION

#### A. Aetna Life Insurance Company received timely service.

■ All insurance providers transacting business in Kansas must register with the commissioner of insurance and they must agree that service to the commissioner "shall be taken and held in all courts to be as valid and binding as if due service had been made upon the president or chief officer of such corporation." Kan.Stat.Ann. § 40–218 (1992). The Department of Insurance is, in effect, the local agent for service for all insurance companies in Kansas.

The court record contains two documents showing that the summons and complaint were delivered to the Department of Insurance on January 4, 1996. The first is a return of service form filed with the court by plaintiff's counsel. The second is a "Commissioner's Proof of Service" form signed by the commissioner of insurance certifying that the summons and complaint were received by the Department of Insurance on January 4, 1996. This form further denotes that service was made upon Aetna Life Insurance Company ("Aetna") on January 5, 1996, the day the summons and complaint were mailed to Aetna by the Department of Insurance.

Regardless of the date the Department of Insurance form indicates service was made upon Aetna, it is the date the Department of Insurance received the complaint and summons that satisfies the 120–day limit for service. The statute is clear that once service is made upon the department, it is valid and binding as if made upon the president or chief officer of a company, i.e., Aetna in this case.

Aetna further argues that service was untimely because Kan.Stat.Ann. § 40–218 provides that "the summons, and a certified copy of the petition shall be forthwith forwarded by the clerk of the court to the commissioner of insurance, who shall immediately forward a copy ... to the secretary of the company."

This court rejects that argument because it is not the practice of the United States District Court for the District of Kansas to forward copies of summonses and complaints to the Department of Insurance when an insurance company is a party in litigation. Plaintiff's counsel was authorized to serve process on Aetna via the Department of Insurance.

### B. Return of service summons is prima facie evidence of its truthfulness.

██ There is conflicting evidence as to whether United Parcel Service ("UPS") was timely served with the complaint and summons. According to both a service of process transmittal form of the CT Corporation System ("CT System") and an affidavit from Linda Cathers, service was made upon UPS on January 5, 1996.[1]

Conversely, according to the return of service form on record with the court and an affidavit from plaintiff's counsel, John R. Hooge ("Hooge"), service was made upon CT System in Topeka on January 4, 1996, by Hooge on the same day Hooge delivered the summons and complaint (regarding Aetna) to the commissioner of insurance in Topeka.

Consequently, one party is either prevaricating or is seriously mistaken as to what day it was when the papers were delivered.

In the court's view, the affidavit by plaintiff's counsel and return of service establishes a prima facie case of proper service.[2] While the affidavit by Linda Cathers and the CT System form corroborate each other, they do not overcome the strong presumption of truthfulness and accuracy the court is willing to extend to plaintiff's counsel, who is a licensed officer of this court. Moreover, from a practical perspective, it seems reasonable that Hooge would have delivered the papers to CT System—which is located in downtown Topeka—on January 4, 1996, the same day that he delivered papers to the department of insurance, also located in downtown Topeka.

While the court holds that the defendants were timely served, the parties are not precluded from filing further dispositive motions.

**IT IS THEREFORE BY THE COURT ORDERED** that defendants' motions for summary judgment (Docs. 4 and 13) are denied.

**IT IS FURTHER ORDERED** that plaintiff's motion to extend time for service of process (Doc. 16) is denied as moot.

---

1. CT System is the UPS designated agent for service in Kansas and Linda Cathers is an employee of CT System who actually received the summons and complaint from plaintiff's counsel and completed the service of process transmittal form.

2. *See Home–Stake Production v. Talon Petroleum, C.A.,* 907 F.2d 1012, 1017 (10th Cir.1990) (wherein the Tenth Circuit affirmed the district court's findings of fact on the issue of proper service and noted that the return of service form and accompanying affidavit established a prima facie case of proper service.)