Hasmukh V. PATEL and Madhu
N. Patel, Plaintiffs,

v.

Linda MOORE, Eric Moore, and Windsor
Green Land Company, Defendants.

No. 97–2125–JWL.

United States District Court,
D. Kansas.

June 11, 1997.

Kurt D. Tilton, Brian L. Smith, Lance P. Stelling, Smith & Tilton, P.C., Kansas City, MO, for Hasmukh V. Patel, Madhu N. Patel.

Steven M. Leigh, Heather R. Merrigan, Martin, Leigh & Laws, P.C., Kansas City, MO, for Linda Moore, Eric Moore.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

In this action, plaintiffs seek dissolution of a partnership. The case was originally filed in state court and subsequently removed to this court. The matter is presently before the court on plaintiffs' motion to remand the case to state court (Doc. 10). Because of procedural deficiencies in the removal of the case, the court grants plaintiffs' motion, and the case is hereby remanded to Johnson County District Court. The court also awards plaintiffs' their costs, including attorney fees, associated with the removal and remand.

### I. Background

On October 30, 1996, plaintiffs filed a petition in Johnson County District Court naming Linda Moore, Eric Moore, and Windsor Green Land Company (Windsor) as defendants. The petition alleged that plaintiffs and the individual defendants formed Windsor, a Kansas general partnership, in 1995.

By the petition, plaintiffs sought to dissolve the partnership. After plaintiffs' unsuccessful attempts to serve defendants with process in California and service by publication beginning January 21, 1997, counsel entered an appearance for Linda and Eric Moore on February 18, 1997.

On March 7, 1997, Eric Moore filed a notice of removal in this court. The notice stated that this court had diversity jurisdiction because plaintiffs were residents of Kansas and the Moores were residents of California; according to the notice, Windsor's Kansas citizenship did not defeat diversity because its interests were not adverse to those of plaintiffs. The notice also stated that the amount in controversy exceeded $50,000 because the dispute involved property with an approximate value of over $4,000,-000.

On April 4, 1997, plaintiffs filed the instant motion to remand. In the motion, plaintiffs argue that the case should be remanded because (1) Windsor's Kansas citizenship defeats diversity and violates the prohibition against removal by a resident defendant, 28 U.S.C. § 1441(b); (2) the amount in controversy does not meet the statutory minimum for diversity jurisdiction; (3) the notice of removal was untimely; (4) all defendants did not consent to removal within the statutory period; and (5) defendants failed to file a copy of all state court proceedings within twenty days of removal as required by local rule.

On April 8, 1997, defendant Linda Moore filed a consent to removal of the case. Also on April 8, Linda and Eric Moore filed copies of the state court proceedings.

## II. Procedural Deficiencies

Because federal courts are courts of limited jurisdiction, there is a presumption against federal jurisdiction, and the party invoking such jurisdiction bears the burden of proof. *Penteco Corp. Ltd. Partnership—1985A v. Union Gas Sys.*, 929 F.2d 1519, 1521 (10th Cir.1991); *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Foundation Re-*

*serve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted).

### A. Timeliness of Removal

■ Plaintiffs assert that the notice of removal, filed March 7, 1997, was untimely. The procedure for removal is governed by 28 U.S.C. § 1446, which states in part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....

28 U.S.C. § 1446(b).

Plaintiffs have provided a copy of a letter from Eric Moore to a bank president that refers to the petition filed by plaintiffs in October of 1996 and gives the case number assigned to the petition; the letter is dated November 21, 1996, more than thirty days before Mr. Moore's notice of removal. This argument is countered by affidavits by Linda and Eric Moore. According to the affidavits, Linda Moore, Eric's mother, wrote the November 21 letter; she signed Eric Moore's name to the letter because they "had determined that Eric alone should communicate with [the bank] due to his background in and knowledge of banking." The affidavits state that, although Linda Moore received a copy of the petition in "late 1996", Eric Moore never received or viewed a copy of the petition before February 18, 1997, when counsel entered an appearance on behalf of the Moores. The Moores thus argue that the thirty-day deadline did not begin to run until February 18.

Even if the court accepts these statements as true, it nonetheless concludes that the notice of removal filed in this case was not timely. First, it is immaterial that the Moores were not served with process. In *Wickham v. Omark Industries, Inc.*, 1993 WL 393012 (D.Kan. Sept.28, 1993), this court adopted the "receipt rule" and held that the thirty-day removal period runs from the time the defendant receives a copy of the state court petition. *Id.* at *3. Such interpretation gives effect to the plain language of the statute, which provides that the removal

clock runs from the receipt of a copy of the initial pleading "through service *or otherwise.*" *Id.* at *2–3 (quoting 28 U.S.C. § 1446(b)) (emphasis added). Moreover, the receipt rule is in harmony with the strict construction of removal statutes and the resolution of any doubt in favor of remand. *Id.* at *3; *see also Roe v. O'Donohue*, 38 F.3d 298, 304 (7th Cir.1994) (Easterbrook, J.) (adopting receipt rule); *Rothwell v. Durbin*, 872 F.Supp. 880, 881 (D.Kan.1994) (same).

Eric Moore insists that he did not receive a copy of the petition before February 18, 1997. Linda Moore admits that she received a copy in late 1996, however, and that admission is fatal.

When there is more than one defendant, all defendants must join in the removal. *Sheet Metal Workers Int'l Ass'n, AFL–CIO v. Seay*, 693 F.2d 1000, 1005 n. 8 (10th Cir. 1982); *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir.1981). The majority rule is that the thirty-day period for removal begins for all defendants upon receipt of the petition by the first defendant. *Henderson v. Holmes*, 920 F.Supp. 1184, 1187 n. 3 (D.Kan. 1996); *Martin Pet Prods. v. Lawrence*, 814 F.Supp. 56, 57 (D.Kan.1993); 16 James W. Moore, *Federal Practice* § 107.30[3][a][iv][C] (3d ed.1997); *see, e.g., McKinney v. Board of Trustees of Md. Community Coll.*, 955 F.2d 924, 926 n. 3 (4th Cir.1992); *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1262–63 (5th Cir.1988); *Brown v. Demco, Inc.*, 792 F.2d 478, 481–82 (5th Cir.1986). Courts in this district have consistently followed the majority rule. *See Henderson*, 920 F.Supp. at 1187 n. 3; *Wickham*, 1993 WL 393012, at *3; *Martin Pet Prods.*, 814 F.Supp. at 57; *Dick v. John Deere Ins. Co.*, 1992 WL 190622, at *2 (D.Kan. July 14, 1992); *Cohen v. Hoard*, 696 F.Supp. 564, 566 (D.Kan.1988). In *Martin Pet Products*, the court explained its reasoning as follows:

> The cases which adhere to this majority rule generally do so on the basis of the "rule of unanimity," which simply refers to the requirement that all defendants must agree to the removal. The assumption is that, if the first defendant was in favor of removal, he would have removed the case. Since he did not, the other defendants are

prohibited from removing the case, if 30 days from the time of service on the first defendant has run. Although the defendant urges this court to adopt the reasoning of *Garside [by Garside v. Osco Drug, Inc.*, 702 F.Supp. 19 (D.Mass.1988) ], this court believes the majority view is sound. This view comports with the general principle of strictly construing the removal statutes and resolving any doubt in favor of remand.

> Further it satisfies the rule of unanimity. 814 F.Supp. at 57 (citations omitted).

The Moores argue that the majority rule is unfair to later-served defendants who are deprived of an opportunity to persuade other defendants to consent to removal, and who may be subject to a manipulative plaintiff's first serving the defendant least likely to remove. *See* 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3732 (2d ed.1985). The court dismissed such an argument in *Cohen:* "The argued unfairness of denying the opportunity to remove to a subsequently served defendant is simply the operation of the unanimity requirement." 696 F.Supp. at 566; *see also Brown*, 792 F.2d at 482 (dispelling criticism in Wright & Miller; second defendant's position is not any worse than if the first defendant refused to consent); 16 Moore, *supra*, § 107.30[3][a][iv][C] (less strict minority approach is inconsistent with the general rule construing statutes against removal; majority rule follows from unanimity requirement).

The court concludes that the majority rule is sound and that there is no reason to apply a different rule in this case. The Moores' concerns about unfairness are especially unfounded in this case. Plaintiffs did not manipulate the rule by deliberately serving one defendant first; in fact, neither defendant was served with process. The close relation of the two defendants in question also supports application of the majority rule in this case. Accordingly, the thirty-day period for removal was triggered in 1996, when Linda Moore received a copy of the petition, and the February 18 notice of removal was untimely. Plaintiffs are therefore entitled to an order remanding the case.

### B. Consent of All Defendants

█ Even if the thirty-day period ran from February 18 and the notice of removal was timely filed, remand would still be appropriate because defendant Linda Moore failed to join in the removal within thirty days of the triggering date. As stated above, all defendants must consent to removal. The notice of removal in this case, filed March 7, 1997, was clearly filed on behalf of Eric Moore only—the document begins "COMES NOW defendant Eric Moore"; a single "defendant" designates Kansas City as the place of trial; the notice concludes with a prayer by "defendant Eric Moore" for an order of removal; and the document is signed by "ATTORNEYS FOR DEFENDANT ERIC MOORE". Defendant Linda Moore did not file a consent to removal until April 8 (shortly after plaintiffs' motion to remand, which drew attention to the issue).

The Moores argue that Linda Moore at least impliedly joined in the notice of removal filed by Eric Moore because both Moores are represented by the same counsel. They contend that all actions are therefore taken with the consent of both parties, in part because a conflict of interest would preclude the ethical filing of a removal notice on behalf of one defendant without the consent of the other. The Moores also argue that the filing of their joint answer and counterclaim in this court indicated Linda Moore's consent to removal to federal court, although that pleading was not filed until March 24, 1997, more than thirty days after February 18.

The court does not agree that Linda Moore sufficiently informed the court of her consent to removal within the statutory period. In *Henderson*, the court stated: "Each party must independently and unambiguously file notice of its consent and its intent to join in the removal within the thirty-day period." 920 F.Supp. at 1187. The court gave a number of valid reasons for this requirement:

Without such a filing, there would be nothing on the record to "bind" the allegedly consenting defendant. It serves the policy of insuring the unanimity necessary for removal. It is consistent with the notion that filing requirements are strictly construed and enforced in favor of remand. It is not an onerous requirement that unfairly disadvantages defendants or that can be manipulated by the plaintiff.

*Id.* at 1187 n. 2 (citations omitted). The court noted that district courts within almost every circuit had endorsed similar requirements. *Id.* The court further stated that the removing party may not simply represent in the removal notice that the other defendants consent to removal. *Id.* at 1187. Finally, the court concluded that a defendant's "filing of an answer does not satisfy the unambiguous expression of consent required for proper removal." *Id.*; *see also Roe*, 38 F.3d at 301 (all defendants must support the removal petition in writing); *Getty Oil*, 841 F.2d at 1262 n. 11 (it is not sufficient for the removal document to state that the other defendants consent; all defendants must consent themselves in writing); *Bell v. Norfolk S. R.R.*, 1995 WL 88214, at *1 (D.Kan. Jan.30, 1995) (although defendants need not sign notice of removal, they must consent unambiguously to removal). This court also has required that all defendants "independently and unambiguously file notice of their consent and intent to join in the removal within the thirty-day time period." *Barger v. Bristol-Myers Squibb Co.*, 1994 WL 69508, at *2 (D.Kan. Feb.25, 1994).

For the reasons stated in *Henderson* and *Barger*, the court will strictly enforce the requirement that each defendant independently and unambiguously consent, in writing, to removal. A removal notice filed by a co-defendant represented by the same counsel, but which does not even allege the consent of any other defendant, does not satisfy the concerns set out in *Henderson* and does not supply unambiguous notice of consent to removal.[1] Nor may an answer filed in feder-

---

1. The Moores cite *Todd v. DSN Dealer Service Network*, 861 F.Supp. 1531 (D.Kan.1994) to support their contention that "[w]hen an attorney represents both defendants, the attorney's filing of the Notice of Removal is the consent of all defendants that attorney represents." The Moores misapprehend Todd, however. In that case, the removal pleading was filed on behalf of the "defendants". *Id.* at 1535. The court merely ruled that "defendants" referred to all defen-

al court constitute such consent. The court thus concludes that Linda Moore failed to join in or consent to removal within thirty days of February 18, 1997.[2]

Accordingly, even if February 18 were deemed the triggering date, Linda Moore's consent to removal would not have been timely, and remand would be appropriate.

### C. Compliance with D. Kan. Rule 81.2

■ The Moores' failure to comply with D. Kan. Rule 81.2 provides another basis for remand to state court. The rule provides:

> Within 20 days after filing the notice of removal, the removing party shall procure and file with the clerk of this court a copy of all records and proceedings had in the state court. The court may remand any case sought to be removed to this court because of failure to comply with the provisions of this subsection.

D. Kan. Rule 81.2. The Moores did not make this filing until April 8, 1997, 32 days after the filing of Eric Moore's Notice of Removal. Thus, remand is appropriate on this basis as well. *See Bell*, 1995 WL 88214, at *2 (remanding for failure to comply with this local rule and untimeliness of removal); *Federated Rural Elec. Ins. Co. v. Mohave Elec. Coop.*, 1992 WL 309524, at *1 (D.Kan. Sept.9, 1992) (remand for failure to comply with local rule); *Country Hill Bank v. General Dev., L.P.*, 1990 WL 168417, at *2 (D.Kan. Sept.26, 1990) (remand for failure to comply with local rule and failure to join all defendants).

The Moores argue that the filing of the state court petition with the removal notice was sufficient. Such attachment is required by 28 U.S.C. § 1446(a). Section 1447 allows district courts to impose an additional requirement, however: "[The district court] may require the removing party to file with its clerk copies of all records and proceedings

in such State court. ...." 28 U.S.C. § 1447(b). Thus, compliance with section 1446(a) does not satisfy the additional requirement authorized by section 1447(b) and imposed by D. Kan. Rule 81.2.[3]

### III. Costs and Attorney Fees

■ Plaintiffs also seek to recover from the Moores their costs and attorney fees associated with the removal and the motion to remand. Such recovery is authorized by statute: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c).

> In deciding whether to award costs under § 1447(c), the key factor is the propriety of defendant's removal. The district court does not have to find that the state court action has been removed in bad faith as a prerequisite to awarding attorney fees and costs under § 1447(c).

*Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 322 (10th Cir.1997) (citation omitted) (citing *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 324 (10th Cir.1994)). The district court has "wide discretion" in this matter. *Daleske*, 17 F.3d at 325.

The court concludes that an award of "just costs and any actual expenses, including attorney fees," is appropriate here. The removal was far from proper. Even if the Moores' version of the facts is correct, the removal was nonetheless untimely, and improperly executed when attempted. The most cursory research should have revealed the necessity of adding at least Linda Moore to the removal notice. Moreover, the applicable local rule was ignored until it was mentioned in plaintiffs' motion to remand. *See Federated Rural*, 1992 WL 309524, at *1 (costs taxed where local removal rule violated); *Country Hill Bank*, 1990 WL 168417, at

---

dants represented by the attorney filing the pleading. *Id.* Here, the removal notice was plainly filed only on Eric Moore's behalf.

**2.** The court further notes that the Moores' argument that the action of one Moore should be deemed the action of the other for purposes of unanimity contradicts their position with respect to the determination of the triggering date for removal.

**3.** Because the court concludes that the aforementioned procedural deficiencies compel remand, it need not address the amount in controversy, the relevance of the partnership's citizenship, or whether the partnership was required to join in the removal.

*2 (failure to comply with local rule provided additional basis for award of costs and fees). Finally, the questionable circumstances surrounding the Moores' knowledge of the state court action further undermine the propriety of the attempted removal.

To facilitate the award of costs and expenses, the parties are ordered to comply with the procedures set forth in D. Kan. Rule 54.2.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' motion to remand (Doc. 10) is granted, and the case is hereby remanded to Johnson County District Court.

**IT IS FURTHER ORDERED THAT** defendants Linda Moore and Eric Moore shall pay just costs and actual expenses, including attorney fees, incurred by plaintiffs with respect to the removal and remand of this action, in accordance with the instructions set forth herein.

**IT IS SO ORDERED.**