## The BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MARSHALL, Plaintiff,

v.

## CONTINENTAL WESTERN INSURANCE COMPANY, Defendant.

No. CIV. 01–2183–CM.

United States District Court, D. Kansas.

Dec. 18, 2001.

James E. Kelley, Jr., Robert W. Tormohlen, Michael D. Strong, Lewis, Rice & Fingersh, L.C., Kansas City, MO, Brian S. Carroll, Marshall County Counselor, Marysville, KS, for Plaintiff.

Mark A. Buck, Nathan Burghart, Topeka, KS, Denise E. Farris, Farris Law Firm, L.L.C., Kansas City, MO, Robert B. Sullivan, Lisa A. Weixelman, Polsinelli Shalton & Welte, P.C., Kansas City, MO, Edward L. Bailey, Cosgrove, Webb & Oman, Tpeka, KS, for Defendant.

## MEMORANDUM AND ORDER

MURGUIA, District Judge.

On April 18, 2001, defendant Continental Western Insurance Company removed this action, originally filed in the District Court of Marshall County, Kansas, to this federal district court. Plaintiff Board of County Commissioners filed suit against defendant in state court, alleging that defendant breached a letter agreement entered into between the parties and seeking both declaratory and monetary relief.

Pending before the court is plaintiff's motion to remand (Doc. 9). Plaintiff seeks to remand this action back to the state court pursuant to 28 U.S.C. § 1447(c). Plaintiff asserts that remand is proper under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and argues that the federal court should, pursuant to the Declaratory Judgment Act, exercise its discretion not to exercise jurisdiction over plaintiff's declaratory judgment claim. For the reasons set forth below, the court declines to so exercise its discretion, denies plaintiff's motion to remand, and exercises jurisdiction over this action pursuant

to 28 U.S.C. § 1332 (diversity) and 28 U.S.C. § 2201 (Declaratory Judgment Act).

## I. Facts

● Initiation of the Parties' Contractual Relationship

In the spring of 1998, plaintiff sought bids for the purpose of securing a contractor to replace the roof on the Marshall County courthouse and administration building. Following the bidding process, on or about May 5, 1998, plaintiff entered into a written contract with Cheney Construction Co., Inc. ("Cheney"), thereby obligating Cheney to provide and install the new roof. Pursuant to the written contract, Cheney provided an insurance certificate and policy covering Cheney's liability for its work. Defendant issued the certificate, which listed plaintiff as a named insured.

● The Letter Agreement

During Cheney's construction and installation of the new roof, the courthouse received extensive water damage, thereby causing property damage to the building. Cheney submitted a claim regarding this property damage to defendant, as the insurer underwriting its policy. In an effort to resolve issues related to the plaintiff's insurance claim regarding the property damage to the courthouse, on or about January 20, 2000, plaintiff, plaintiff's attorney, a representative of the Kansas Department of Human Resources, and defendant's representative attended a meeting to discuss the issues. Subsequent to the meeting, on January 26, 2000, Cheney, as the named insured, plaintiff, as an additional insured, and defendant, as the insurer, entered into an agreement (the "letter agreement"), which was intended to con-

trol and govern the rights and obligations of each of the parties with respect to the issues involving the courthouse. Plaintiff asserts that, pursuant to the agreement, defendant agreed to pay for repairs to the courthouse. Plaintiff further asserts that defendant has breached the letter agreement by failing to provide full payment for the property damage. Plaintiff seeks both a declaration of its rights under the letter agreement and monetary damages for the alleged breach.

## II. Discussion

In its motion, plaintiff seeks to remand this action to the District Court of Marshall County, Kansas pursuant to 28 U.S.C. § 1447(c). Plaintiff does not appear to dispute defendant's contention that this suit is between parties with diversity of citizenship and that the amount in controversy exceeds $75,000. Accordingly, plaintiff does not appear to dispute that this district court could properly exercise subject matter jurisdiction over this action under 28 U.S.C. § 1332. Instead, plaintiff asks the court to make a non-jurisdictional determination involving a discretionary remand of its claims.[1] Plaintiff asserts that remand is appropriate pursuant to provisions of the Declaratory Judgment Act. Specifically, plaintiff argues that because this case involves a claim for declaratory relief, this federal district court should exercise its discretion not to exercise jurisdiction over the action. The court finds that although it does have discretion to decline to hear this case, it is not appropriate to so exercise its discretion here.

### A. Declaratory Judgment Claims / Discretionary Standard

█ The Declaratory Judgment Act does not obligate district courts to hear

1. Section 1447(c) provides, in part, that "[a] motion to remand the case on the basis of any defect other than lack of subject matter juris-

diction must be made within 30 days after the filing of the notice of removal...." 28 U.S.C. § 1447(c).

declaratory judgment actions. Although the Act confers jurisdiction on federal courts to hear declaratory judgment actions, it does not impose a duty upon district courts to make a declaration of rights. 28 U.S.C. 2201(a) (court "may declare the rights and other legal relations" of any party seeking such a declaration). Instead, the decision whether to exercise jurisdiction under the Declaratory Judgment Act over actions in which they otherwise have jurisdiction is within the sound discretion of the district courts. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995); *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir.1995).

▬ Because the Declaratory Judgment Act is procedural in nature, federal law determines whether or not a district court may properly exercise its discretion to hear a claim for declaratory relief. See *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950) (" 'operation of the Declaratory Judgment Act is procedural only' ") (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617 (1937)); *Wilton*, 515 U.S. at 282, 115 S.Ct. 2137 (applying federal discretionary standard to determine whether jurisdiction over declaratory judgment act is properly exercised); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 253–254 (7th Cir.1981). This is true, even where, as in this case, a claim for declaratory relief originates in state court and is removed to federal court. Such a situation "does not alter the district court's unique statutory discretion under the Declaratory Judgment Act." *Golden Eagle Ins. Co. v. Travelers Companies*, 103 F.3d 750, 755 (9th Cir.1996), overruled on other grounds, *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir.1998). The Tenth Circuit has recently confirmed that the discretionary standard set forth in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), continues to govern a district court's analysis of whether to exercise jurisdiction under the Declaratory Judgment Act. *Wilton*, 515 U.S. at 282, 115 S.Ct. 2137. In Brillhart, the Court set forth considerations for district courts to address when determining whether to exercise their discretion to hear declaratory judgment actions: (1) whether the claims of all parties can be satisfactorily adjudicated in a state proceeding; (2) whether the necessary parties have been joined in a state proceeding; and (3) whether such parties are amendable to process in a state proceeding. *Wilton*, 515 U.S. at 282, 115 S.Ct. 2137.

Whether the Brillhart discretionary standard applies to a case, such as the one before the court, *with no pending parallel state proceeding*, is a question left open following the Court's *Wilton* decision. The *Wilton* Court specifically noted that "we do not attempt at this time to delineate the outer boundaries of [a court's] discretion in other cases ... in which there are no parallel state proceedings." *Wilton*, 515 U.S. at 290, 115 S.Ct. 2137. However, the Court recognized that other cases "might shed light on additional factors" relevant to the inquiry. To that end, the Tenth Circuit has identified five additional factors for district courts to consider when determining whether to exercise discretion their discretion to hear declaratory judgment actions:

[1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata* "; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether

there is an alternative remedy which is better or more effective. *Buzas Baseball, Inc. v. Bd. of Regents of the Univ. Sys. of Ga.*, 1999 WL 682883, at *2, 189 F.3d 477, (10th Cir.1999) (unpublished); see also *St. Paul Fire & Marine Ins. Co.*, 53 F.3d at 1169 (setting forth same five factors).

Moreover, following *Wilton*, at least one federal court has utilized a discretionary standard to determine whether jurisdiction should be exercised over a declaratory judgment action in *the absence of a parallel state proceeding*. See *Aetna Cas. & Sur. Co. v. Ind–Com Elec. Co.*, 139 F.3d 419, 423–24 (4th Cir.1998) (citing *Wilton* and finding the existence or nonexistence of a parallel state court action, while a significant factor, is not a dispositive one in determining whether to hear a declaratory judgment action under Declaratory Judgment Act standards). Furthermore, the court notes that, in their papers on remand, the parties appear to agree that the Brillhart discretionary standard governs the court's analysis on the issue before it.

■ Accordingly, this court finds that the discretionary standard is the applicable standard for this court to use when determining whether to exercise jurisdiction over the plaintiff's declaratory judgment claim. As set forth below, the court finds the balance of the applicable factors dictates that the court exercise jurisdiction over the present action.

**B. Application of Tenth Circuit Factors**

The court finds the first two factors, whether a declaratory judgment would settle the controversy and whether a declaratory action would clarify the legal relations at issue, weigh in favor of defendant. Both plaintiff and defendant (in its counterclaim) seek a declaration of their rights and obligations under the letter agreement. The fact that plaintiff's claim seeks monetary relief as well as declaratory relief does not alter the correct characterization of the plaintiff's claims as essentially one for declaratory relief. Rather, since any claim for relief other than declaratory relief is "wholly dependent upon a favorable decision on ... [plaintiff's] claim for declaratory relief ... the action is plainly one for declaratory relief." *Golden Eagle Ins. Co.*, 103 F.3d at 755. The primary function of the Declaratory Judgment Act is to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. §§ 2201 & 2202. Thus, these two factors weigh in favor of defendant.

Similarly, the court finds the third factor, whether the declaratory judgment action is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata," also weighs in favor of defendant. *Buzas Baseball Inc.*, 1999 WL 682883, at *4. In looking at whether the declaratory judgment action is being used in order to gain a procedural advantage, the court considers the timeliness of the actions at issue. *Northwestern Pac. Indem. Co. v. Safeway Inc.*, 112 F.Supp.2d 1114, 1121 (D.Kan. 2000), *St. Paul Fire & Marine Ins. Co.*, 53 F.3d at 1170. Here, the defendant timely removed this case to federal court, based on valid diversity jurisdiction. Nothing in the record points to any bad faith on the part of the defendant or suggests any procedural fencing.

Again, the court finds the fourth factor, whether the exercise of declaratory judgment jurisdiction would increase friction between federal and state courts and improperly encroach upon the state's jurisdiction, also weighs in favor of the defendant. *Buzas Baseball Inc.*, 1999 WL 682883, at *4. In examining this factor, the court considers the history of the state

court proceedings. *Northwestern Pac. Indem. Co.*, 112 F.Supp.2d at 1121. While the case was originally brought in the District Court of Marshall County, Kansas, it was in that court for less than two months. Additionally, the absence of a pending parallel state court proceeding makes it less likely that by choosing to exercise jurisdiction over the action, this court will cause friction with the state court. The court finds that if it were to exercise declaratory jurisdiction over this action it would not cause unnecessary friction with the Kansas state courts.

The final factor that the court considers is whether there is an alternative remedy to a federal court declaration which is better or more effective. *Buzas Baseball Inc.*, 1999 WL 682883, at *4. Again, this factor weighs in favor of the defendant. Declaratory judgment actions are particularly appropriate for situations in which insurance companies seek a declaration of their liability. Courts have " 'expressly recognized that one of the primary functions of the [Federal Declaratory Judgment] Act is to provide the insuror (sic) such a forum.' " *Horace Mann Ins. Co. v. Johnson*, 953 F.2d 575, 579 (10th Cir. 1991) (quoting *Farmers Alliance Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1386 (10th Cir.1978)). While, in the instant action the parties are seeking a declaration of their rights and liabilities under a letter agreement, the letter agreement involved is directly related to the insurance policy issued by defendant. Courts have recognized that a federal court should exercise its discretion "liberally in favor of granting [declaratory] relief in order to accomplish the purposes of the Declaratory Judgment Act." *Cincinnati Ins. Co. v. Holbrook*, 867 F.2d 1330, 1333 (11th Cir. 1989). Because there is no pending parallel state court proceeding in this matter, the court finds that there is no better forum in which to adjudicate this action.

This court is well situated to hear and decide the issues presented by this case.

Because the balance of the above factors weighs in favor of exercising jurisdiction over this declaratory judgment action, the court denies plaintiff's motion to remand and exercises jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity) and 28 U.S.C. § 2201 (Declaratory Judgment Act).

**IT IS THEREFORE ORDERED** that plaintiff's motion to remand (Doc. 9) is denied.