Maria ORTIZ, Plaintiff,

v.

John BISCANIN, Public Administrator and Administrator of the Estate of Theodoro Hernandez, Deceased, Defendant,

v.

Guaranty National Insurance Co., Garnishee.

Nos. CIV.A. 01–2425–CM, CIV.A. 01–2294–CM.

United States District Court, D. Kansas.

Feb. 15, 2002.

Christopher P. Sweeny, Turner & Sweeny, Kansas City, MO, for Maria Ortiz.

Donald W. Vasos, Law Offices of Donald W. Vasos, Shawnee Mission, KS, for John Biscanin.

J. Franklin Hummer, Med James, Inc., Shawnee Mission, KS, for Guaranty Nat. Ins. Co.

## MEMORANDUM AND ORDER

MURGUIA, District Judge.

The court consolidated the above-captioned actions for pretrial purposes. In *Ortiz v. Biscanin*, No. 01–2425–CM ("the garnishment action"), plaintiff Maria Ortiz seeks to garnish Guarantee National Insurance Co. (GNIC) to obtain satisfaction of a state court wrongful death judgment against defendant John Biscanin.[1] Ms. Ortiz is the widow of Gilberto Ortiz, who was killed in an automobile accident with Theodoro Hernandez, who also was killed. Mr. Hernandez was driving a car owned by Sandra Simental, who was insured by GNIC. Mr. Biscanin is the administrator of Mr. Hernandez's estate. In *Guaranty National Insurance Co. v. Ortiz*, et al., No. 01–2294–CM ("the federal declaratory judgment action"), plaintiff GNIC seeks a declaratory judgment determining its rights and liabilities regarding the application of its obligations under the insurance policy to the wrongful death settlement. Pending before the court are motions to remand the garnishment action by plaintiff Ortiz (Doc. 4) and defendant Biscanin (Doc. 9). Also before the court are motions to stay or dismiss the declaratory judgment action by defendant Biscanin (Doc. 10), and a motion to dismiss the declaratory judgment action filed by Ms. Ortiz, who is a defendant in that action (Doc. 12). Finally, plaintiff GNIC has moved the court in the declaratory judgment action to stay the garnishment proceedings until the federal declaratory judgment action is adjudicated (Doc. 16).

For the reasons set forth below, the court grants plaintiff Ortiz and defendant Biscanin's motions to remand the garnishment action to the District Court of Wyandotte County, Kansas. The court grants in part and denies in part defendant Biscanin's motion to stay or dismiss the declaratory judgment action. Defendant Ortiz's motion to dismiss the declaratory judgment action is denied. Plaintiff GNIC's motion to stay the garnishment action is denied.

## I. Facts

Both actions stem from a March 24, 1997, automobile accident in which Mr. Ortiz and Mr. Hernandez were killed. Mr. Hernandez was driving a car owned by Ms. Simental and insured by GNIC. On August 11, 1997, Med James, Inc., the managing general agent of GNIC, denied coverage under the policy based on allegations that Ms. Simental made material mis-

---

1. For ease of reference, the court will refer to the parties by name and by their position as parties in the litigation. While Mrs. Ortiz is a plaintiff in the garnishment action, she is a defendant in the declaratory judgment action. GNIC is a garnishee in the garnishment action and a plaintiff in the declaratory judgment action. Mr. Biscanin is a defendant in both actions.

representations at the time of the application process. In August 1997, Med James, acting on behalf of GNIC, filed a declaratory judgment action (No. 97–C–3371) ("the state declaratory judgment action") in the District Court of Wyandotte County, Kansas. GNIC sought a declaration that the insurance policy covering the vehicle driven by Mr. Hernandez was void ab initio. Ms. Ortiz intervened in this action by agreement of the parties in December 1997. In March 1998, Ms. Ortiz filed a wrongful death action (No. 98–C–1309) ("the wrongful death action") in the District Court of Wyandotte County, Kansas, against Mr. Biscanin. GNIC refused to provide a defense. The state declaratory judgment and wrongful death actions were consolidated for discovery purposes. In July 1998, the declaratory judgment case was tried before the Hon. Daniel Duncan. In April 2000, Judge Duncan issued a memorandum decision in the state declaratory judgment action finding that GNIC's policy was in effect at the time of the accident and denying GNIC's petition for declaratory judgment.

In May 2000, the District Court of Wyandotte County approved a settlement of $500,000 in the wrongful death action to be paid to Ms. Ortiz by Mr. Hernandez's estate. GNIC then intervened in the case, and appealed it to the Kansas Court of Appeals on June 12, 2000. GNIC then dismissed the appeal on July 11, 2000, and the clerk of the court entered the dismissal of the appeal on July 14, 2000. In the declaratory judgment action, the Kansas Court of Appeals affirmed Judge Duncan's decision denying declaratory judgment on June 1, 2001. On June 13, 2001, GNIC paid Ms. Ortiz $25,000 in partial satisfaction of the $500,000 wrongful death judgment. The balance remains unsatisfied.

Also on June 13, 2001, GNIC filed the federal declaratory judgment action in this court, seeking a judgment that GNIC has no obligation to pay in excess of its policy limits on the settlement obtained by Ms. Ortiz against Mr. Biscanin in the state wrongful death action. The following day, June 14, 2001, Ms. Ortiz filed a request for garnishment in the wrongful death action, and filed an order of garnishment on July 12, 2001. On July 16, 2001, Kansas Insurance Commissioner Kathleen Sebelius received the order of garnishment and answer. The office of the Insurance Commissioner mailed the garnishment order to GNIC on July 17, 2001, and GNIC's mail courier signed for it as certified mail on July 19, 2001. GNIC filed a notice of removal of the state garnishment action on August 20, 2001. This court granted garnishee GNIC's motion to consolidate the garnishment action with the federal declaratory judgment action for pretrial purposes because adjudication of the merits of the disputes would require examination of common issues of law and fact (Doc. 18).

Plaintiff Ortiz filed a motion on August 28, 2001, to remand the garnishment action to the District Court of Wyandotte County, and defendant Biscanin filed a motion on September 12, 2001, to remand the action. Defendant Biscanin filed a motion to stay or dismiss the federal declaratory judgment action pending resolution of the garnishment action, which he claims was improperly removed to federal court. Defendant Ortiz also seeks dismissal of the federal declaratory judgment action. Finally, garnishee GNIC has moved the court to stay the garnishment action pending resolution of the federal declaratory judgment action. The court considers each motion in turn.

## II. Plaintiff Ortiz and Defendant Biscanin's Motions to Remand the Garnishment Action

Plaintiff Ortiz asserts several bases upon which the court should remand this action to state court: (1) that garnishee GNIC

failed to file the notice of removal within thirty (30) days as required by 28 U.S.C. § 1446(b); (2) that because the wrongful death action which gave rise to the garnishment action was pending in state court for more than one year, the garnishment action is nonremovable under 28 U.S.C. § 1446(b); (3) that garnishee GNIC failed to obtain defendant Biscanin's consent to removal; and (4) that removal was improper because the court lacks diversity jurisdiction under 28 U.S.C. § 1332(a).[2] In his motion to remand, defendant Biscanin incorporates all of plaintiff Ortiz's arguments.[3]

■■■■ The court notes at the outset that because federal courts are courts of limited jurisdiction, there is a presumption against removal jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974). The party seeking removal carries the burden of proving to the court that removal is proper and that the court had original jurisdiction of the case. *Dresser–Rand v. N. Natural Gas Co.*, No. 99–4165–SAC, 2000 WL 286733, at *1 (D.Kan. Jan.19, 2000) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). Because "federal removal jurisdiction is statutory in nature, the governing statutes are to be strictly construed." *Dresser–Rand*, 2000 WL 286733, at *1 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)); see also *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995) (requiring strict construction). Finally, all doubts must be resolved in favor of remand. *Dresser–Rand*, 2000 WL 286733, at *1 (citing *Laughlin*, 50 F.3d at 873).

In its notice of removal, garnishee GNIC asserts that the court has original jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000. Thus, according to garnishee GNIC, removal is proper under 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant ... to the district court of the United States....").

## A. Timeliness of Removal

First, plaintiff Ortiz contends garnishee GNIC failed to file the notice of removal within thirty (30) days as required by 28 U.S.C. § 1446(b). This statute provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter....

28 U.S.C. § 1446(b). Plaintiff Ortiz argues that the garnishment order was served on

---

**2.** Plaintiff Ortiz raises other procedural defects in garnishee GNIC's notice of removal. She points out garnishee GNIC's failure to include a certificate of service with the notice of removal specifying the date the notice was served on her. Furthermore, she states that no certificate of proof of service was filed with the clerk of court or served on any party. Finally, garnishee GNIC failed to file a notice of removal with this court or the District Court of Wyandotte County. However, the court declines to examine them, because adequate grounds exist to find that garnishee GNIC's removal was improper under 28 U.S.C. § 1446(b).

**3.** For ease of reference in discussing the motions to remand, the court uses terms such as "plaintiff Ortiz argues" to refer to arguments by both plaintiff Ortiz and defendant Biscanin.

garnishee GNIC, for purposes of commencing 28 U.S.C. § 1446(b)'s thirty-day period, on July 17, 2001, when the order of garnishment was served on Insurance Commissioner Sebelius. Kansas Statutes Annotated § 40–218 provides that in garnishment proceedings against insurance companies,

> Every insurance company ... shall file in the insurance department its written consent, irrevocable, that any action or garnishment proceeding may be commenced against such company ... by the service of process on the commissioner of insurance of this state, and stipulating and agreeing that such service shall be taken and held in all courts to be as valid and binding as if due service had been made upon the president or chief officer of such corporation....

■ The record before the court includes a copy of the consent garnishee GNIC filed pursuant to § 40–218. Furthermore, the order of garnishment contains a notice that Insurance Commissioner Sebelius forwarded the order of garnishment to the office designated by garnishee. Garnishee GNIC, however, claims that service upon the Insurance Commissioner Sebelius pursuant to § 40–218 did not commence the removal period, and counters that "actual receipt" of the order of garnishment by garnishee was required. Garnishee GNIC alleges that because its courier signed for receipt of service on July 19, 2001, the company was not served with the garnishment order prior to that date. Furthermore, garnishee GNIC claims that because the

thirtieth day following July 19, 2001, fell on a Saturday, it timely filed its notice of removal the following Monday, August 22, 2001, pursuant to Federal Rule of Civil Procedure 6.[4] Garnishee GNIC relies upon *Patel v. Moore*, 968 F.Supp. 587 (D.Kan.1997) and *Boyles v. Junction City Foundry, Inc.*, 992 F.Supp. 1246 (D.Kan.1997) for the proposition that only actual receipt by a party of a complaint, rather than service, commences the thirty-day removal period. *Patel* held that receipt of a courtesy copy of a complaint by a defendant prior to service commences the thirty-day removal period. *Id.* at 588–89. The court in *Patel* did not, as garnishee GNIC contends, hold that *only* actual receipt of a complaint could commence the thirty-day period, even if a party were constructively served prior to actual receipt.

The court finds that garnishee GNIC's argument ignores § 40–218's mandate that service upon the state insurance commissioner constitutes service upon an insurance company's registered agent. Garnishee GNIC was thus in receipt of the complaint at the same time it was constructively served.[5] Even if garnishee GNIC's reading of *Patel* were valid, the thirty-day period would have commenced on the date Insurance Commissioner Sebelius received the order of garnishment, because service of the complaint upon her office constituted constructive service on GNIC.

Furthermore, the Supreme Court abrogated the "receipt rule" of *Patel* and other courts in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119

---

4. In relevant part, Rule 6 provides: "[i]n computing any period of time prescribed ... by these rules ... the day of the act ... from which the designated period of time begins shall not be included. The last day of the period so computed shall be included, unless it is a Saturday...." Fed.R.Civ.P. 6(a).

5. Accord *Kost v. United Parcel Serv.*, 926 F.Supp. 1022, 1023 (D.Kan.1996) (finding that under Kan. Stat. Ann. § 40–218, "[t]he Department of Insurance is, in effect, the local agent for service for all insurance companies in Kansas.").

S.Ct. 1322, 143 L.Ed.2d 448 (1999). In *Murphy Brothers*, the Supreme Court held that a defendant's time for removal under 28 U.S.C. § 1446(b) "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.* at 348, 119 S.Ct. 1322. The Supreme Court rejected the view of courts including *Patel* that receipt of the complaint alone, prior to service, suffices to begin the thirty-day period.[6]

The court thus finds that the thirty-day period allotted for removal under 28 U.S.C. § 1446(b) began on July 17, 2001, when Insurance Commissioner Sebelius was served with plaintiff's order of garnishment. Garnishee GNIC's notice of removal was thus untimely filed. This court must therefore remand this case to the District Court of Wyandotte County, Kansas. Because this procedural defect alone merits remand, the court will not address plaintiff's other arguments supporting remand. The court must then examine defendant Ortiz and Biscanin's motion to stay or dismiss the federal declaratory judgment action and plaintiff GNIC's motion to dismiss the federal declaratory judgment action.

### III. Defendant Biscanin and Defendant Ortiz's Motions to Stay or Dismiss (Docs. 10 and 12)

In the federal declaratory judgment action, plaintiff GNIC seeks a declaration of its rights and liabilities regarding the insurance policy it issued to Ms. Simental.

Plaintiff GNIC asserts that, by paying defendant Ortiz $25,000 of the $500,000 judgment in the wrongful death case, it has satisfied its obligations. Plaintiff GNIC requests the court to declare that it has no further obligation to defendant Ortiz or any other party in the wrongful death action. In the alternative, plaintiff GNIC requests that, should the court determine plaintiff GNIC should pay defendant Ortiz beyond the limits of its policy, the court find that the $500,000 voluntary settlement was unreasonably large, and therefore is not binding on plaintiff GNIC. Furthermore, plaintiff GNIC requests the court to enjoin defendants Ortiz and Biscanin from attempting to collect on the judgments, and that the court declare the rights and obligations of the parties thereafter.

### A. Jurisdiction

In the complaint, plaintiff GNIC asserts this court has jurisdiction pursuant to 28 U.S.C. § 1332, because there is diversity of citizenship and the amount in controversy exceeds $75,000. Although plaintiff does not expressly invoke the Declaratory Judgment Act, 28 U.S.C. § 2201, this statute governs the court's ability to provide the relief plaintiff seeks.[7]

In their motions to dismiss or stay, defendants Ortiz and Biscanin claim the court lacks jurisdiction under 28 U.S.C. § 1332 because complete diversity does not exist. They incorporate by reference their arguments regarding diversity of citizenship in the garnishment action.

Defendants Ortiz and Biscanin allege that the court lacks diversity jurisdiction under 28 U.S.C. § 1332(a).[8] According to

---

**6.** Accord *Liebau v. Columbia Cas. Co.,* 176 F.Supp.2d 1236, 1241 (D.Kan.2001) (holding that post-Murphy, "the 30–day period for removal . . . runs from the date that plaintiffs obtained valid service on Columbia").

**7.** The Declaratory Judgment Act states that a court "may declare the rights and other legal

relations" of a party seeking such a declaration. 28 U.S.C. § 2201.

**8.** "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

defendants Ortiz and Biscanin, all parties in the action are Kansas residents. Defendant Ortiz asserts that she is a Kansas resident. She further claims that defendant Biscanin is a Kansas citizen, because an executor is deemed to be a resident of the same state as the decedent pursuant to 28 U.S.C. § 1332(c)(2), and Mr. Hernandez was a resident of Kansas. Finally, defendants Ortiz and Biscanin assert that, because Med James is a General Managing Agent of plaintiff GNIC under Kansas Statutes Annotated § 40–2,134, its actions are considered those of plaintiff GNIC. Defendants Ortiz and Biscanin would have the court reason that because Med James is a Kansas citizen, plaintiff GNIC should also be deemed a citizen of Kansas.

Plaintiff GNIC disagrees, claiming that defendant Ortiz is actually a Missouri resident. Plaintiff GNIC also states that because it is chartered in Colorado and has its principal place of business there, it should be deemed a citizen of Colorado pursuant to 28 U.S.C. § 1332(c)(1). Defendant Ortiz, however, contends that garnishee's citizenship is that of its insured, Mr. Hernandez, pursuant to the "insurer provision" of 28 U.S.C. § 1332(c)(1). The statute at issue provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business ..." 28 U.S.C. 1332(c)(1).

between (1) citizens of different States; ..." 28 U.S.C. § 1332(a).

Defendant Ortiz does not provide the court with support for the notion that a declaratory judgment constitutes a "direct action" for purposes of the "insurer provision" of 28 U.S.C. § 1332(c)(1), and the court declines to so conclude here. Absent support in Tenth Circuit and District of Kansas law that the court should treat a declaratory judgment as a "direct action," the court declines to apply 28 U.S.C. § 1332(c)(1)'s insurer provision to plaintiff GNIC. In addition, the court is not persuaded by defendant Ortiz's arguments that the citizenship of Med James, as plaintiff GNIC's managing general agent, should be substituted for that of plaintiff GNIC. Defendants Ortiz and Biscanin provide no legal support for the proposition that the court should construe the citizenship of a managing general agent to be that of the principal, and the court declines to do so. The court thus deems plaintiff GNIC a citizen of Colorado pursuant to 28 U.S.C. § 1332(c)(1).

The court thus concludes that there is diversity of citizenship within the meaning of 28 U.S.C. § 1332 because plaintiff GNIC is a citizen of Colorado. Complete diversity of citizenship exists regardless of whether defendant Ortiz was a resident of Missouri or Kansas at the time of the filing of the federal declaratory judgment action. The pleadings do not demonstrate to the court in which state defendant Ortiz resided at that time, and the court will not pass judgment on that question.

## B. Request for Order Dismissing or Staying the Federal Declaratory Judgment Action

In defendants Ortiz and Biscanin's motions to dismiss or stay, they contend the court should decline to exercise its jurisdiction to render a declaratory judgment in this matter because the same fact-de-

pendent issues are likely to be decided in another fully developed parallel proceeding pending in state court. According to defendants Ortiz and Biscanin, if the court determines that remand is proper in the garnishment action, the court should stay or dismiss the federal declaratory judgment action pending resolution by the District Court of Wyandotte County.

■ The Declaratory Judgment Act does not obligate district courts to hear declaratory judgment actions. Rather, the decision whether to exercise jurisdiction is within the sound discretion of the district courts. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995); *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir.1995). In *Wilton*, the Supreme Court held that the factors

> enumerated in *Brillhart v. Excess Insurance Co.*, 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) continue to govern district courts' decisions to stay declaratory judgment actions. *Wilton* affirmed that, in determining whether to stay a declaratory judgment action, district courts should examine the following factors from *Brillhart*: (1) whether the claims of all parties can be satisfactorily adjudicated in the state proceeding; (2) whether the necessary parties have been joined in the state proceeding; and (3) whether such parties are amenable to process in the state proceeding. *Wilton*, 515 U.S. at 282, 115 S.Ct. 2137. The Tenth Circuit has looked to five additional factors:
>
> (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; (4) whether use of a declaratory action would in-

crease friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Buzas Baseball, Inc. v. Bd. of Regents*, 189 F.3d 477, 1999 WL 682883, at *2 (10th Cir.1999); see also *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 & n. 6 (10th Cir.1994) (applying same criteria).

■ Applying the analytical framework set forth by the *Wilton* and *Brillhart* courts, as well as the Tenth Circuit decisions, the court determines that an order staying the declaratory judgment action pending resolution of the garnishment action in state court is proper. With regard to the first factor, whether the parties' claims can be satisfactorily adjudicated in a state court proceeding, the court examines the remedies available under Kansas law. The Tenth Circuit explained:

> It is the duty of the court to first ascertain whether the questions in controversy between the parties to the federal suit can better be settled in the proceedings pending in the state court., i.e., whether there is such a plain, adequate and speedy remedy afforded in the pending state court action, that a declaratory judgment action will serve no useful purpose.... This may entail ... inquiry into the scope of the pending state court proceeding and the nature of the defenses open there ... whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, [and] whether necessary parties have been joined.

*Franklin Life Ins. Co. v. Johnson*, 157 F.2d 653, 656 (10th Cir.1946) (quoting *Brillhart*, 316 U.S. at 495, 62 S.Ct. 1173).

The court notes that under Kansas Statutes Annotated § 60–721, the state court is empowered to provide all of the relief GNIC seeks in its federal declaratory

judgment action. This statute provides that "[u]pon determination of the issues ... judgment shall be entered fixing the rights and liabilities of all the parties in the garnishment proceedings (1) by determining the liability of garnishee upon default, or (2) discharging the garnishee, or ... (4) rendering judgment against the garnishee for the amount of his or her indebtedness to the defendant...." Kan. Stat. Ann. § 60–721. Furthermore, plaintiff could obtain in state court a judgment that the settlement amount reached in the wrongful death litigation is excessive. Kansas's declaratory judgment statute, Kansas Statutes Annotated § 60–1701, provides that "[c]ourts ... shall have power to declare the rights, status, and other legal relations whether or not further relief is, or could be sought.... The declaratory may be either affirmative or negative in nature, and such declarations shall have the force and effect of a final judgment." Plaintiff identifies no claims or defenses available to it in federal court which are unavailable in state court.

The second criterion from *Brillhart*, that all of the necessary parties be joined in the state proceeding, is satisfied in this case because all three parties are named in the garnishment action. The third factor also is met because all parties are amenable to process in the state court proceeding.

With regard to the additional Tenth Circuit factors, the court finds that the first two elements weigh in favor of plaintiff GNIC, because a declaratory judgment would settle the controversy at issue and would serve a useful purpose in clarifying the legal relations at issue. The third factor is whether the declaratory remedy is sought merely for "procedural fencing" or "to provide an arena for a race to res judicata." Both parties accuse the other of engaging in such procedural fencing. ▮ "In looking at whether the declaratory judgment action is being used in

order to gain a procedural advantage, the court considers the timeliness of the actions at issue." *Bd. of County Comm'rs v. Cont'l W. Ins. Co.*, 184 F.Supp.2d 1117, 1121 (D.Kan.2001) (citing *St. Paul Fire & Marine Ins. Co.*, 53 F.3d at 1170). On June 13, 2001, plaintiff GNIC paid defendant Ortiz $25,000 in partial satisfaction of the $500,000 wrongful death judgment. The same day, plaintiff GNIC filed the declaratory judgment action in federal court. The following day, June 14, 2001, defendant Ortiz filed the request for garnishment. While plaintiff GNIC argues that defendant Ortiz filed her state garnishment action in response to plaintiff GNIC's filing of the federal declaratory judgment action, it is just as likely that defendant Ortiz filed her action in response to receiving $25,000 of the $500,000 judgment. Furthermore, the court recognizes a possibility that plaintiff GNIC engaged in procedural fencing by filing its declaratory judgment action on the same day that it paid defendant Ortiz only part of the judgment. The court thus finds the third factor does not militate in favor of denying defendants' motions to stay or dismiss.

▮ Fourth, the court must consider whether issuing a declaratory judgment in this matter "would increase friction between our federal and state courts and improperly encroach upon state jurisdiction." The court thus considers the history of the state court proceedings in this litigation. *Bd. of County Comm'rs*, 184 F.Supp.2d at 1120–22. The underlying wrongful death claim, brought four years ago, was litigated and settled in state court. Moreover, as defendants Ortiz and Biscanin point out, plaintiff GNIC itself chose a state court venue when it filed its state declaratory judgment action to determine whether Ms. Simental's policy was void ab initio. Pretrial discovery, separate

trials, and appeal proceedings were conducted in state court in the wrongful death action and the state declaratory judgment action. As applied to this litigation, this factor indicates the court should stay a federal declaratory judgment pending the outcome of the state garnishment proceedings.

■■■ The fifth and final factor, whether there is an alternative remedy to a federal declaratory judgment action that would be better or more effective, is not determinative. As indicated above, Kansas law provides for the determination of plaintiff GNIC's obligations under its insurance policy through garnishment proceedings. Furthermore, Kansas has a declaratory judgment act empowering courts to determine the rights and liabilities of the parties in this litigation. Plaintiff GNIC has not asserted that state courts would be able to provide less complete relief than that which is available in federal court. Consequently, the court finds that the state courts would provide a forum which is at least equivalent to that offered by allowing the action to proceed in federal court. Based on the parties' arguments, however, there is no basis for the court to determine that state court relief would somehow be more effective than that provided by federal court.

The court thus determines that proceeding with the declaratory judgment action in federal court would be improper under the applicable Tenth Circuit and Supreme Court standards. The court also finds that an order staying the declaratory judgment action in federal court, as opposed to dismissal, is appropriate in these circumstances. See *Fox v. Maulding*, 16 F.3d 1079, 1083 (10th Cir.1994) ("[A] stay preserves an available federal forum in which to litigate [any] remaining claims, without the plaintiff having to file a new federal action."). The court thus orders the declaratory judgment action stayed pending resolution of the garnishment action in state court. The court declines to dismiss the case. Defendant Biscanin's motion to stay or dismiss the declaratory judgment action is granted in part and dismissed in part. Defendant Ortiz's motion to dismiss is denied. Plaintiff GNIC's motion to stay the garnishment proceedings pending resolution of the federal declaratory judgment action (Doc. 16) is therefore denied.

**IT IS THEREFORE ORDERED** that plaintiff Ortiz and defendant Biscanin's motions to remand the garnishment action, *Ortiz v. Biscanin*, No. 01–2425–CM, (Docs. 4 and 9) are granted. Defendant Biscanin's motion to stay or dismiss the federal declaratory judgment action, *Guaranty National Insurance Company v. Ortiz*, et al., No. 01–2294–CM (Doc. 10), is granted in part and denied in part. The court orders the federal declaratory judgment action, No. 01–2294, stayed pending the resolution of the garnishment action, No. 01–2425–CM, by the District Court of Wyandotte County. The court denies the portion of defendant Biscanin's motion requesting dismissal of the garnishment action. Furthermore, the court denies defendant Ortiz's motion to dismiss the declaratory judgment action (Doc. 12). Finally, the court dismisses as moot plaintiff Guaranty National Insurance Company (GNIC)'s motion for an order to stay the garnishment proceedings until the declaratory judgment action is adjudicated (Doc. 16).